FILED

ALFRED MCZEAL, JR. VS. AMAZON.com SERVICES, LLC    *Trademark Infringement, Fraud, Racketeering*    I
et al



PAID

SEP - 2 2021

Clerk, US District Court
COURT 4612

**UNITED STATES DISTRICT COURT**    2021 SEP -2 PM 1:44

**FOR THE CENTRAL DISTRICT OF CALIFORNIA** CLERK U.S. DISTRICT COURT
NTRAL DIST. OF CALIF.
LOS ANGELES

**WESTERN DIVISION**    BY: RD

§   Case No: L A C V 2 1 - 7 0 9 3 -SVW-RAO
§
**Alfred McZeal, Jr., d/b/a**   §
***SMART WALKIE TALKIE®***   §   **JURY TRIAL DEMANDED**
**Plaintiff**   §
§   TRADEMARK INFRINGEMENT,  UNFAIR
   §   COMPETITION, FALSE MARKING,NT
**vs.**   §   INFRINGEMENT, TRADEMARK DILUTION,
   §   INJUNCTIVE RELIEF, CONSPIRACY, FRAUD,
   §   DECLARATORY JUDGMENT
**AMAZON.COM SERVICES LLC**   §
**ORION LABS, LLC.,**   §
**JESSE ROBBINS,**   §   With **EXHIBIT "F" COMPLAINT FOR FRAUD**
**BEST BUY CO, Inc**   §
**SETTER ROCHE, LP**   §   **WITH MOTION FOR PRELIMINARY INJUNCTION**
**THOMAS SYLKE,**   §   **§1125 Injunctive Relief (15 USC §1116)**
***DOES 1 THRU 10***   §
**Defendants**

## INTRODUCTION

### SHORT STATEMENT OF THE CLAIM & ENTITLEMENT TO RELIEF

1. This is a complaint for willful trademark infringement and violations of the U.S.

   Lanham Trademark Act, relative to a federally registered trademark "**Smart**

   **Walkie Talkie®,** by plaintiff Alfred McZeal, Jr. owner of the Trademark at issue.

   *Defendants uses a fraudulent designation in interstate commerce in connection*

   *with goods or services where it is likely to cause confusion, mistake, or*

   *deception as to the affiliation, connection, or association of the defendant*

   *services with plaintiff' services and the confusion has caused damages.* Plaintiff

   is entitled to recover monetary damages, treble damages, and *injunctive relief*.

ALFRED MCZEAL, JR. VS. AMAZON.com SERVICES, LLC , et al     *Trademark Infringement, Fraud, Racketeering*     2

## SUMMARY OF THE CLAIMS

**TRADEMARK INFRINGEMENT, 15 USC. §1114**
**Unfair Competition, likelihood of confusion,** & Intentional violations of the U.S. Lanham Trademark Act,

**INJUNCTIVE RELIEF §1125 Injunctive Relief (15 USC §1116)**

**TRADEMARK DILUTION** Violations of The Federal Trade Mark Dilution Act of 1995
**- 15 USC 1023(c); Section 43(c) of the Lanham Act**

**COMMON LAW TRADEMARK INFRINGMENT**

**California Trademark Registration Act Violations**
*Chapter 129, Statutes of 1863*

**FRAUD,**
(Rule 9(b) Fed. R. Civ Procedure)

**NEGLIGENT MISREPRESENTATION,**

**CALIFORNIA UNFAIR TRADE PRACTICES**

**COMPLAINT FOR RACKEETERING**

**DECLARATORY JUDGMENT** Under The Declaratory Judgment Act 28 USC §2201-2202,

# *Table Of Contents*

## *Introduction Short Statement of The Claim - Entitlement to Relief).... 1*

Nature Of The Case (Trademark Infringement - SMART WALKIE TALKIE)……...6
Relief Sought…………………………………………………………………….9
Jurisdiction and Venue ........................................................................... 11-12
Parties & Relationships ............................................................. 13
Plaintiff, Alfred McZeal, Jr. ............................................................. 13
Defendants,.ORION LABS, LLC ............................................................. 14
Defendant, Jesse Robbins, ............................................................. 15
Defendant  AMAZON.COM, INC ............................................................. 16
Defendant ,BEST BUY COMPANY, INC............................................... 17
Defendant SETTER ROCHE, LLP................................................................18
Defendant Thomas Sylke............................................................................18
Additional Parties, Does 1 thru 10,000.....................................................19
Substitution of Counsel ............................................................. 20
Service Of Process ............................................................. 21
Amendments To The Lawsuit................................................................ 22

## *Factual Allegations - Trademark Infringement* ................................ 23

**SUBSTANTIVE ALLEGATIONS CONCERNING TRADEMARK INFRINGMENT OF ORION LABS, LLC.'S INFRINGING MARK " SMART WALKIE TALKIE...23**

## *Count I:  - Trademark Infringement (" SMART WALKIE TALKIE").. 27*

## *Infringing Conduct Of Defendants* ..................................................... 27

**EXHBIT "F" - COMPLAINT FOR FRAUD REFERENCE**…………...APPENDIX

**Defendants Uses A Designation In Interstate Commerce with Goods or Services Where The Designation is Likely To Cause Confusion, Mistake, or deception, as to the affiliation, connection, Or Association Of The Defendant with another Person, and the Plaintiff has been or is likely to be damaged by these Acts……27**

NOTICE TO CEASE AND DESIST - letter to ORION LABS, Jesse Robbins........29
FRAUD - INTENT TO CONTINUE INFRINGING LETTER, Tom Sylke.............29
Infringing Conduct of Orion Labs, Inc………………………………….....…30
Infringing Conduct of Amazon.com Services, LLC………………….......…….…
Infringing Conduct of Best Buy, Inc……………………………….......………27

**Count II:** - False Designation of Origin Under the Lanham Act ....... 38

**Count III:** - Common Law Trademark Infringment ........................... 40

**Count IV:** -  Violations of the Trademark Dilution Act of 1995 ......... 43

**Count V:** -  Unfair Competition In Violation of the Lanham Act ....... 46

**Count  VI:** - Violation of California Trademark ...................…......47

**Count  VII:** Unfair Competition (California  Law) ................................. 59

**Count  XIII:** - Negligent Misrepresentation ....................................... 68

**Count IX** - FRAUD: EXBHIT "F" COMPLAINT FOR FRAUD .......... 69

**Count  X**: Unjust Enrichment ........................................... 71

Count  XI  Negligence ....................................................…..56

**Count XII**: Gross Negligence ......................................... 82

**Count XIII**: - Declaratory Judgment ................................. 83

Punitive Damages ............................................................ 90

Prayer For Relief............................................................. 92

## LIST OF EXHIBITS FOR JUDICIAL NOTICE

**EXHIBIT "1"** – *PLAINTIFF'S FEDEAL TRADEMARK SMART WALKIE TALKIE –US REG NO. 5303249' Registration Date  October 3, 2017 …………Appendix*

**EXHIBIT "1-A"** – *PLAINTIFF'S CALIFORNIA TRADEMARK SMART WALKIE TALKIE –US REG NO.  305897   ' Registration Date  January 31, 2019  …………Appendix*

**EXHIBIT "2"** – *ORION LABS WEBSITE INFRINGEMENTS..Appendix.*

**EXHIBIT "3"**- *PLAINTIFF'S NOTICE TO CEASE AND DESIST TO ORION LABS, LLC AND JESSE ROBBINS, CEO DATED ...............Appendix.*

**EXHIBIT "4"** –*DEFENDANT'S FRAUD  LETTER DATED FROM  COUNSEL TOM SYLKE" ......................................................................Appendix.*

**EXHBIT "F"**   *COMPLAINT FOR FRAUD............................Appendix*

**EXHBIT "6"** – *AMAZON.COM  WEBSITE INFRINGEMENTS...............
Appendix*

**EXHBIT "7"** – *BEST BUY, INC.  WEBSITE INFRINGEMENTS...............
Appendix*

## PLAINTIFF'S ORIGINAL COMPLAINT

## NATURE OF THE CASE

### *TRADEMARK INFRINGEMENT – SMART WALKIE TALKIE®*

*U.S. Lanham Act* 15 USC §1051 et seq

2. This is a civil action and motion to secure *immediate injunctive relief*, and to recover damages for <u>willful and intentional trademark infringement</u> unfair competition, and for willful violations of *The U.S. Lanham Act* 15 USC §1051 et seq, *The Federal Trademark Dilution Act* of 1995, trademark dilution, and trademark dress.

3. The alleged infringement is a <u>direct and willful</u> infringement on plaintiff's "<u>Smart Walkie Talkie ®</u>" Registered trademarks and as such <u>Plaintiff will request an immediate hearing on the motion for injunctive relief requested in this complaint in order to further prevent economic loss and injury to the plaintiff and to maintain the status quo of the trademark laws of the United States of America</u>.

4. *Defendants willful unauthorized use of Plaintiffs' trademark (SMART WALKIE TALKIE®, constitutes an infringement of Plaintiffs' federally-registered / state trademark rights, in violation of Section 32(1) of the Lanham Act,15 U.S.C.Sec.1114(l) and plaintiff is entitled to recover Treble Damages for willful infringement violation of the Lanham Acts.*

5.  Defendant(s) have been notified of its infringing activities through its ***main agent ORION LABS, LLC***, but has nonetheless continued to willfully and knowingly infringe, without legal justification, in violation of the Plaintiff's Trademark rights.

## THEFT OF A U.S. REGISTERED & CALIFORNIA STATE TRADEMARK– SMART WALKIE TALKIE®

6.  This action further seeks to recover damages for Racketeering Activity on the basis that the defendants and its attorneys have knowingly, intentionally, and willfully engage in illegal activity, through, theft, and fraud, prohibited by Racketeer Corrupt Organization Act, including the unauthorized use or control of intellectual property protected under federal laws of the United States in which damages, injunctive and other equitable relief are sought.

7.  **CAUSE OF ACTION**: The instant claims are predicated on willful <u>infringement of a U.S. registered trademark</u> granted by the United States Patent and Trademark Office  because these defendants without ***authority uses a designation in interstate commerce in connection with the goods or services where the designation is likely to cause confusion, or mistake, or deception as to the***

***affiliation, connection,   or association of the defendant with
another person, and   the plaintiff has been or is likely to be
damaged by these acts***.

### Trademark Infringement – California Trademark Law

8. Plaintiff further brings this action pursuant to the California
Registered Trademark Act for Infringement, to recover monetary
damages under <u>the great State of California</u>, for willful trademark
infringement, unfair trade practices, trademark dress, **unfair
competition**, **fraud**, and further because the defendants
intentionally and knowingly <u>uses the exact same mark   ("SMART
WALKIE TALKIE")</u> as the plaintiff in commerce, which <u>causes
confusions as to the source of products and services, and thus the
plaintiff has suffered irreparable damages as a result of defendant's
ongoing and continued use of the same trademark (</u>"SMART
WALKIE TALKIE") to sell similar <u>products</u> and services which further
has created a <u>definite likelihood-of-confusion about the origin of the
defendant's goods or services</u>.

9.  Plaintiff has developed a protectable trademark right in federal, state
law, and common law trademark. The defendant ORION LABS,
LLC. and agents, have used without license, and are presently

using plaintiff's exact trade mark in commerce, <u>claiming it as their own</u>, in such a way *that creates a likelihood of confusion, mistake and/or deception with the consuming public*.

10.   <u>The confusion or use of the term ("SMART   WALKIE TALKIE")</u> <u>used by each of the defendants demonstrates that the defendant's</u> <u>products and services are identical or equivalent to that of the</u> <u>plaintiff</u>, or purports to show that the defendant is somehow associated, affiliated, connected, approved, authorized or sponsored by plaintiff, but which in fact they are not

11.   The Plaintiff has <u>absolutely no affiliation</u> with the defendants or any of its affiliates and has never granted defendant authority to use its protected mark **SMART WALKIE TALKIE**™ in commerce.

## **RELIEF SOUGHT**

12.   The relief sought includes a preliminary injunction, permanent injunction, injunctive relief to prohibit continuous infringement of the trademark, the impoundment and destruction of goods bearing infringing trademarks, <u>the defendant's profits earned from</u> <u>infringement</u>, actual damages, damages for **fraud**, **unjust** **enrichment**, negligent misrepresentation, negligence,  monetary damages for fraud and *damages for the use of a "counterfeit"* or

virtual duplicate of a registered mark, <u>treble damages for willful trademark infringement</u>, damages for unlawful trade dress, damages for unfair competition in commerce, damages for **civil conspiracy**, damages, the imposition of a constructive trust with tracing, statutory, <u>compensatory</u>, <u>punitive damages under state law</u>, damages for deceptive trade practices, mental anguish, intentional infliction of emotional distress, <u>disgorgement of profits earn through fraud, and unfair competition</u>, fraud related to intellectual property abuse, all profits earned by fraud and trebled due to willful disregard for law, interest, attorney fees, court cost, cost of investigation and suit, and for all other equitable relief afforded under law.

13.    Plaintiff further seeks a declaratory judgment under 28 USC §2201 and §2202 against the defendants declaring the same unfair competition, and fraudulent self serving acts complained of committed by the defendants and their agents to be unlawful in interstate commerce in the United States, and in the great State of California.

## JURISDICTION AND VENUE

14.    The jurisdiction of this court over this complaints is premised upon

Title ***15 U.S.C §1601-§1693 et seq***, *The Lanham (Trademark) Act*,

15 USC §1023(c) **§43(c) et seq,** *The Federal Trademark Dilution*

*Act*, *35 USC §271*,   Federal jurisdiction is further based on 28 U.S.C

§1331 (federal question), 28 U.S.C §1337 (commerce) **& diversity.**

15.    This court further has **personal jurisdiction** over the individual

defendants as the defendants business activities are well grounded

and rooted within this district selling products and services via

Amazon   and   through   their   internet   website   located   at:

***www.orionlabs.io***

16.    This court has jurisdiction over the **unfair competition claims**

complained of herein under the provisions of 28 U.S.C. §1338 in that

the same claims are joined with a substantial and related claim under

the Trademark Laws of the United States, 15 U.S.C. §1051,et seq.

17.    **SUPPLEMENTAL JURISDICTION**: This court further has

jurisdiction over the state law and common law claims contained in

this complaint under the doctrine of supplemental jurisdiction

pursuant to 28 U.S.C. §1367 and is competent to rule on all of the

claims asserted under state law, and common law, section 1981 of

the Civil Rights Act of 1866, the common law of the State of California, 28 U.S.C. Sections §1331 and §1343(4) which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights and §1331, which confers original jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

## VENUE

18 Venue is proper in this District pursuant to 28 U.S.C §1391(b) and §1391(c), because Defendants conduct interstate commerce and can be found operating within this district, where plaintiff is, and conducts business nationwide/world wide, and particularly in the State of California, Los Angeles through its internet website (www.orionlabs.io) amazon.com, bestbuy.com, and many other affiliate websites, dealer locations of its national and international dealer network, and because the related causes of action and disputes are between parties of diversity of citizenship.

19. Venue is further proper in this district court under 18 U.S.C §1391(b)(c). Venue is further proper due to the diversity of citizenship between the plaintiff and the defendants.

## PARTIES AND RELATIONSHIPS

20.  Plaintiff, Alfred McZeal, Jr. a/k/a Al McZeal, d/b/a SMART WALKIE TALKIE®, is an American Citizen and trademark owner who presenting does business in this district.

21.  Plaintiff is the <u>undisputed registered owner of the U.S. & State trademark SMART WALKIE TALKIE®</u> Registration No: **5303249** with a Registration Date of October 3, <u>2017 (See Exhibit "1" Plaintiff's Registered "Smart Walkie Talkie" Trademark.</u>

22.  At all times relevant herein, plaintiff Alfred McZeal, Jr. is the owner of the <u>California Registered Trade Mark</u> "*SMART WALKIE TALKIE*"™ Registration No: **305897**, Registration Date: January 31, 2019 - (Exhibit #1A)

23. The plaintiff in general is complaining inter alia, of defendant's willful and reckless disregard for intellectual property rights of the plaintiff, including, but not limited to, *<u>the unlawful and unauthorized use of plaintiff's common law, California State Registered Mark,  and federally registered trade name "SMART WALKIE TALKIE"®.</u>*

24. Plaintiff is further complaining of the <u>unfair competition</u>, intentional, reckless and willful disregard for law, and unauthorized use of plaintiff's famous federal trademark "SMART WALKIE TALKIE"®, theft of the mark, trade mark dress, and other abusive and fraudulent acts which has harmed

and is continuing to harm plaintiff due to defendants negligence, and <u>willful disregard of federal trademark laws</u> of the United States of America.

25.Defendant, **ORION LABS, LLC** ("ORION") on information and belief is a foreign corporation originating from, and which operate in the United States from San Francisco, California, and organized under the laws of the state of California and according to its website is backed by 21 leading investors.

26. Defendant, ORION operates a nationwide dealer network where it distributes its products and services under the trade name SMART WALKIE TALKIE with large sales and distribution networks such as AMAZON, BEST BUY, INC, and reseller network operators dispersed throughout the world.

27. ORION, AMAZON,  and all of its agents form an enterprises within the meaning of 18 U.S.C §196(3) and §1962(c), which engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962.


28.   *It is specifically alleged herein that ORION uses a designation similar to plaintiff in interstate commerce called "SMART WALKIE TALKIE" in connection with goods or services where the designation is likely to*

*cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant products and services with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts and /or continued to be damaged by the fraudulent acts.*

29. Defendant, **JESSE ROBBINS**, ("**ROBBINS**") is an individual of the full age and majority and on information and belief is the Chief Executive Officer , or CEO of defendant ORION LABS, INC. and uses, and approves the use of a designation *similar to plaintiff in interstate commerce called "SMART WALKIE TALKIE" in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant products and services with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts and /or continued to be damaged by the fraudulent acts.*

30. Defendant ROBBINS is sued in his individual and official capacity as Chief Executive Officer of ORION LABS, INC.

31. As CEO, and founder of the company defendant ROBBINS authorizes the unauthorized use of plaintiff's trademark in commerce and stream

of commerce within his company and unauthorized used throughout the company's dealer network.

32.   Defendant, **AMAZON.com, INC. ("AMAZON")** on information and belief is an multinational company base in Seattle Washington, which focuses on e-commerce, cloud computing, digital streaming, and artificial intelligence and considered one of the Big Five companies in the U.S .information industry, along with Google, Apple, Microsoft, and Facebook considered one the most influential economic and cultural forces in the world, as well as the world's most valuable brand.

33.   Defendant, **AMAZON**, markets the brand "SMART WALKIE TALKIE" with ORION as its main source for SMART WALKIE TALKIE Products and Services.

34.   AMAZON together with ORION, BEST BUY, the board of directors, and agents make up an enterprises within the meaning of 18 U.S.C §196(3) and §1962(c), which engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962.

35.   *It is specifically alleged herein that **AMAZON**, is an agent of ORION LABS, LLC, a part of the enterprise and uses a designation similar to plaintiff in interstate commerce called "**SMART WALKIE TALKIE**" in connection with goods or services where the designation is likely to cause confusion, or*

*mistake, or deception as to the affiliation, connection,  or association of the*

*defendant with plaintiff's product and services, and  the plaintiff has been or is*

*likely to be  damaged by these acts*

36. *Defendant  **AMAZON** offers to customers the SMART WALKIE TALKIE*

*line of product on its world wide website located at: **www.amazon.com**  and*

is believed to be ORION LABS, LLC., largest distributors.

37.  Defendant, **BEST BUY INC. ("BEST BUY")** on information and belief is

an is an American, multinational, consumer electronic retailer headquartered

in Richfield, Minnesota, and is an agent of and works directly with ORION

LABS, Inc. whereas, ORION encourages BESTBUY to infringe plaintiff's

famous trademark for use as its own in the sale of its products and services.

38.  Defendant, **BEST BUY**, markets the counterfeit brand "SMART WALKIE

TALKIE" with ORION as its main source for SMART WALKIE TALKIE

Products and Services.

39.  **BEST BUY** together with  **ORION, AMAZON** and its dealer network

make up an enterprises within the meaning of 18 U.S.C §196(3) and

§1962(c), which engage in, or the activities of which affect, interstate

commerce within the meaning of 18 U.S.C. §1962.

40.  *It is specifically alleged herein that **BEST BUY**, is an agent of ORION*

*LABS, LLC, and also uses a designation similar to plaintiff in interstate*

commerce called *"SMART WALKIE TALKIE"* in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts.

41. Defendant **BEST BUY** offers to customers the SMART WALKIE TALKIE line of product on its world wide website located at: **www.bestbuy.com** and is believed to be one of ORION'S LAB LLC, largest distributors..

42. Defendant **SETTER ROCHE, LLP** is a limited liability partnership and on information and belief is headquartered in Westminster, Colorado and is/was the lead intellectual property firm for ORION LABS, Inc.

43. Defendant **THOMAS SYLKE** is an individual of the full age of majority and *an agent and attorney ORION LABS, LLC, and promotes and/or encourages uses of a designation similar to plaintiff in interstate commerce called "SMART WALKIE TALKIE" in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant with plaintiff's product and*

44. Defendant **SETTER ROCHE, LLP** is/was *an agent of ORION LABS, LLC, and promotes and/or encourages uses of a designation similar to*

plaintiff in interstate commerce called "**SMART WALKIE TALKIE**" in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts.

### *ADDITIONAL PARTIES*

45. Plaintiff is presently without knowledge of all of the true names and capacities of all of the Defendants sues herein as DOES 1 through 10,000, inclusive, and therefore sues these Defendants by such fictitious names.

46. On information and belief, many of these unknown defendants are investors, employees, board members, board of directors, agents, attorneys, and manufacturers, dealers, and distributors, of the Defendant ORION LABS, LLC..

47. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent, employee, manufacturer, or investor, *and was acting individually*, as well as in their representative capacity.

48. Plaintiff asserts in this civil action that the named Defendants are collectively involved in a civil conspiracy to defraud and to deprive plaintiff of intellectual property rights which rightfully and lawfully belongs to the estate of

the plaintiff.

49. Plaintiff further asserts that defendants have been notified of the unlawful infringement as complained of herein by way of letters to its principal ORION LABS, LLC.

50. Plaintiff or plaintiff's counsel will amend this complaint to allege all of their true names and capacities when ascertained.

## SUBSTITUTION OF COUNSEL

51. During the course of this litigation, plaintiff intends to file a motion for substitution of counsel in order to substitute a competent law firm to protect the intellectual property rights and other rights of the plaintiff. Plaintiff or plaintiff's counsel will file a motion for substitution or will notify the court once such firm has been selected to represent the plaintiff.

## SERVICE OF PROCESS:

52.  Service of process can be perfected by serving the defendants, **ORION LABS, LLC**. through its Register Agent as   follows:

> ALEX PATEL, AGENT OF PROCESS
> 16830 VENTURA BLVD STE 360
> ENCINO CA 91436

53.   Service  of  process  can  be  perfected  by  serving  the  defendants **Amazon.com Services LLC**. by serving its Registered Agent at:

> CORPORATION SERVICES COMPANY
> 300 DESCHUTES WAY SW STE 208 MC-CSC1,
> TUMWATER, WA, 98501, UNITED STATES

54.  Service of process can be perfected by serving the defendants

> **BEST BUY CO, INC** by serving Principal Office and Chief Executive

> Corie Barry, Chief Executive Officer
> 7601 Penn Avenue S.
> Richfield, MN 55423

55.  Service of process can be perfected by serving the defendants

> **SETTER ROCHE, LLP** by serving its Principal Office and Chief

> Operating Officer at:

> CHIEF EXECUTIVE OFFICER
> 14694 ORCHARD PARKWAY,
> BUILDING A, SUITE 200, WESTMINSTER, CO 800023

## SERVICE OF PROCESS:

56.  Service of process can been perfected by serving the defendant

   **JESSE ROBBINS**, Chief Executive Officer, has been or will be

served with process by personal service at:

   208 UTAH ST, SUITE 350

   SAN FRANCISCO CA 94103

## *AMENDMENT TO THE LAWSUIT*

*57.  The Plaintiff or plaintiff's legal counsel and representatives reserves the right to amend this lawsuit at any time prior to final judgment in this matter.*

## FACTUAL ALLEGATIONS – TRADEMARK INFRINGMENT

### SUBSTANTIVE ALLEGATIONS CONCERNING TRADEMARK INFRINGMENT OF ORION LABS, LLC.'S INFRINGING MARK "SMART WALKIE TALKIE" – *INFRINGING CONDUCT*

58. It is specifically alleged that "Orion Labs, LLC., Amazon.com Services, and BEST BUY, INC. ("Defendants") Willfully infringes by the use of a counterfeited mark and Designation In Interstate Commerce with Goods or Services where the Designation is Likely To Cause Confusion, Mistake, or deception,  as to the affiliation, connection, Or Association Of The Defendant with Plaintiff products and a result of such activity Plaintiff has been or is likely to be damaged by these Acts, or will continue to be damaged by these acts.

59. In a scheme, to conspire, steal and/or defraud U.S intellectual property, and to deprive plaintiff of his intellectual property rights **ORION** and its agents, have reaped millions of dollars in profits through employment of a pattern of racketeering activity, deceptive practices, and has mislead the public with respects to status and ownership and use of the **SMART WALKIE TALKIE**®, trademark being used as a counterfeit.

60.  The conspiracy originated from ORION LABS, LLC, and elsewhere, whereby the defendants employed predatory, unconscionable, deceptive, and fraudulent trademarks violation acts on its product packaging, and websites,

complained of herein, to use without license or authority plaintiff's intellectual

property known as the SMART WALKIE TALKIE®, registered Trademark.

## SMART WALKIE TALKIE ®

**U.S. REGISTRATION NO: 5,303,249; Registration Date: October 3, 2017**

**Defendants Uses A Designation In Interstate Commerce with Goods or Services Where The Designation is Likely To Cause Confusion, Mistake, or deception, as to the affiliation, connection, Or Association Of The Defendant with another Person, and the Plaintiff has been or is likely to be damaged by these Acts**

61.   Plaintiff indisputably owns the entire right, title and interest in all common law and federally registered trademarks "*SMART WALKIE TALKIE*"®, including without limitation, all goodwill associated with the aforesaid trademarks, <u>*U.S. Trademark Registration No.*</u> 5,303,249 Registered by the United States Patent & Trademark Offices on October 3, 2007 (See **Exhibit "1"  - PLAINTIFF'S  TRADEMARK  SMART  WALKIE TALKIE US. REG 5,303,249 Registration Date October 3, 2017.**)

62.  Plaintiff's Trademark is which is <u>prima facie evidence</u> of the validity of Plaintiff's ownership and exclusive rights to use the federally registered mark shown therein in commerce, and are constructive notice of ownership thereof, as provided by Section 8(b) and 22 of the Lanham Act and Trademark Law Revision Act of 1988.

63.  Plaintiff's Federal statutory rights in the "**SMART WALKIE TALKIE**® marks commenced  September 15, 2015 resulting in federal registrations on

October 3, 2017.

64.   The said intellectual properties in dispute are registerable with the Department of Homeland Security, U.S. Customs, and Border Protection Office of Regulations & Rulings, Intellectual Property Rights Branch Washington DC, and fully registered with the **California Secretary of State**.

65.   Plaintiff has been using the "**SMART WALKIE TALKIE**"® " WORLD WIDE WALKIE TALKIE® and INTERNATIONAL WALKIE TALKIE® trademarks in connection with his telecommunications, VoIP, international based business since at least as *early as January 1999*.

66.   Since adopting its "SMART WALKIE TALKIE"® trademarks in connection with telecommunication services, Plaintiff has enjoyed widespread use of his trademarks as an indication of the source of its products and services.

67.   Plaintiff has expended substantial amounts of money, time, and effort in advertising, popularizing and promoting its "SMART WALKIE TALKIE®" trademark and invention so that the public has come to associate Plaintiff's trademark with products and services originating with Plaintiff.

68.   However, due to the leverage of the amazing marketing power of Amazon, and Best Buy,  defendant ORION uses an unfair business tactic and advantage over plaintiff , whereas defendants are able to use the same

trademarks as the plaintiff and leverage of its vast marketing network, and billion dollar organization to market plaintiff's marks, without a license, or authority, thereby, using the marks for its own purpose, unjustly enriching itself, but without a valid license resulting in unfair competition and fraud.

69. The services offered  by Plaintiff and defendants are confusingly similar to the consuming  Public in that both plaintiff and defendants offers virtually the same Push To Talk SMART WALKIE TALKIE® type services and products leading to consumer confusion resulting in unfair competition.

70. Plaintiff products and services are offered on a national and World Wide Basis. Plaintiff and affiliates has expended substantial amounts of money, time, and efforts in advertising, popularizing and promoting the "SMART WALKIE TALKIE"® product concepts, trademarks, through these international markets so that the global public has come to associate Plaintiff's trademark with services originating with Plaintiff

71. Internet Protocol, and other telecommunications services, such as Wi-Fi, cellular, and satellite communications services.

72. The SMART WALKIE TALKIE technology as specified in plaintiff's marks and designs is continuing to influence global wireless communications and is presently being offered by defendants and others but without a valid license

or authorization to use such trademarks.

## COUNT I:

## TRADEMARK & PATENT INFRINGEMENT UNDER THE LANHAM ACT AND THE TRADEMARK LAW REVISION ACT OF 1988 AND THE US Infringing Conduct of Orion Labs

73. Beginning in  2017 and other times thereafter, Plaintiff learned that Defendant began operating its telecommunication, push to talk business by introducing its ONYX "SMART WALKIE TALKIE"  product and services via its internet website under the trade name "SMART WALKIE TALKIE", **(See Exhibit "4" – ORION LABS WEBSITE INFRINGEMENTS)**  a counterfeit trademark and cloned product in the form of a  Onyx Smart Walkie-Talkies: Product - Orion Labs which is a push to talk product for purposes  of wireless telecommunications, or SMART WALKIE TALKIE services, and this product is market as a SMART WALKIE TALKIE on defendant's website, product literature, and in every aspect of the distribution of the product including on instruction manuals, and packaging.

74. The thrust of the infringing conduct is that defendant use the exact same mark, which is indisputably owned by plaintiff, and uses it without a license or permission from the owner, and it is likely to cause confusion as to the source of the product or services because it directly infringes upon

plaintiff's Registered Trademark Smart Walkie Talkie®.

75.   Defendant openly and willfully infringes upon plaintiff's federally registered trademark "SMART WALKIE TALKIE®" by continuing to knowingly use the exact same mark in commerce as plaintiff but without a valid license or authorization from the plaintiff even when advised to CEASE AND DESIST from engaging in the illegal activity.

76.   The federally registered trademark "SMART WALKIE TALKIE®" is indisputably registered to the plaintiff's telecom business and creates a likelihood of confusion when used by the defendants ORION LABS, LLC, AMAZON, BEST BUY, and the other named defendants and agents who market the product on the open market place.

77.   Defendants ORION LABS, LLC along with its network of dealers have consistently made fraudulent technology product reviews and press releases of its ONXY SMART WALKIE TALKIE technology and SMART WALKIE TALKIE trade name to the public, and have made product sale in virtually every State of the United States of America, including on its internet websites, distributor and agent websites, press releases, product literature, and many other media, including many internet web pages which also unlawfully infringe on plaintiff's trademark SMART WALKIE TALKIE®, especially because the defendants use the same mark as the plaintiff, and

similar_telecom services_ and products, which are confusingly similar to

plaintiff's, in interstate commerce but without a license or permission from

the plaintiff.

### GOOD FAITH EFFORT MADE TO CORRECT THE INFRINGMENT
### Exhibit 2 – NOTICE TO CEASE AND DESIST TO ORION LABS

78.   In prior good faith efforts to offer defendants a valid license of the

federally protected trademark, the plaintiff had previously contacted the

defendant ORION LABS, INC.  CEO Jesse Robbins and provided him with an

opportunity to license the mark and to also provided him with a NOTICE

AND DESIST letter to stop the infringement activities.

79.  Rather than simply purchase a Trademark License, Defendants took a

course of action to willfully infringe on plaintiff's right, claiming that it had full

right to use the mark over plaintiff's trademark rights.

### THE FRAUDULENT ATTORNEY LETTER RECEIVED FROM
### DEFENDANT'S COUNSEL – TOM SYLKE OF SETTER ROCHE, LLP
### EXHIBIT 2 – NOTICE TO CEASE AND DESIST

80.   Exhibit "F" – THE FRAUD COMPLAINT is incorporate herein by

reference as if fully setforth herein.

81.  Defendant's attorney sent plaintiff a fraudulent letter generally claiming

that his client had the exclusive first use rights to use the mark in interstate

commerce, raising various moot claims and further indicated that the infringing use would not stop.

82.   However, the defendants have knowingly, willfully, and unlawfully, continued to use the intellectual products of the plaintiff <u>without proper authorization</u>, perpetrating **<u>unfair competition</u>** <u>all to the detriment to the plaintiff</u>, in express violation of federal and state trademark law.

83. **ORION LABS, LLC,** by unlawful use of the confusingly similar mark in commerce, take undue advantage of plaintiff's trademark rights and thus fosters an environment which violates the trademark laws of the state of California, and the United States of America.

84. Defendant **ORION LABS, LLC**, or any of its agents, and distributors <u>has never made any payments, including royalty payments</u>, to the plaintiff for use of the SMART WALKIE TALKIE® trademark and continues to knowingly use these intellectual properties without a license, which constitute in part, <u>unfair competition</u>.

85.   <u>Unless enjoined, the defendants will continue these unlawful infringing activities causing irreparable economic loss to the plaintiff and affiliates</u>.

86. Plaintiff request an immediate hearing on the injunctions complained of herein in order to prevent further economic injury to the plaintiff and to maintain the status quo of the state and federal trademark laws.

87.  Defendant, and agents has willfully made, used, sold, and/or offered for sale, products, namely its SMART WALKIE TALKIE line of VoIP products embodying the plaintiff's SMART WALKIE TALKIE® registered trademark without limitation, offers to license to other companies, and to sell to the public in every U.S. State, but without a proper license, thereby infringing on the intellectual property rights of the plaintiff's SMART WALKIE TALKIE registered trademark, and will continue to do so unless enjoined therefrom.

88.  Defendants are fully aware of these infringing activities but continue to infringe the SMART WALKIE TALKIE® trademark.

89.  Plaintiff further pointed out to the defendants that indeed plaintiff's property required a license. (See EXHIBIT "2" – NOTICE TO CEASE & DESIST TO ORION LABS, LLC.)

90.  Defendants ORION LABS, LLC. via its attorneys and agents, namely C. Thomas Sylke and Setter Roche, LLP however, sent the plaintiff a fraudulent letter raising several moot issues and, advised that they had no intention on paying for a license, or would not even cease and desist from the use of the marks..  (See Exhibit "3" – Orion Labs Letter dated 1-18-2018)

# FRAUD – WILLFUL INFRINGMENT ACTIVITES

## JANUARY 18, 2018

91.  Exhibit "F" and "3" are incorporated herein by reference as if fully incorporated herein by reference.

92.  In an effort to bypass the infringing activities without correcting the problems, the defendants raised several moot issues and lame excuses with trivialities in a response letter dated January 18, 2018 as to why they were entitled to use the mark over plaintiff, but this letter was under the guise of propriety with fraudulent intent. (See Exhibit #3)

93.  Plaintiff asserts that this lame excuse representation described herein and in the purported response letter of January 18, 2018 represents an admission by the defendants and further was a material misrepresentation made simply to avoid the licensing of plaintiff's protected trade name and to further continues to defraud, and infringe on plaintiff's trademarks rights granted by federal law.

94.  Having full knowledge of the plaintiff prior trademarks rights, the defendants have continued to conduct a mass marketing campaign which is designed to infringe the plaintiff rights and ownership in the SMART WALKIE TALKIE®, trademarks.

95. The Defendants had further advised the plaintiff through counsel Mr. C. Thomas Sylke, Trademark Counsel, that ORION Labs <u>flatly refuse to stop the infringement </u>in his response letter" to plaintiff and further advised that absolutely they would continue to use the SMART WALKIE TALKIE® trademark/service mark without a license because they had a right to do so based on "FAIR USE" which was a fraudulent misrepresentation on its face.

96. The <u>continued unlawful infringing use and infringement activities, in commerce in the United States</u> <u>without authority, or license granted</u> by the plaintiff constitutes willful infringement.

## A PRELIMINARY INJUNCTION WILL BE REQUIRED

97. A preliminary and permanent injunction is required to maintain the status quo of the trademark laws of the State of California and the laws of the United States of America and to <u>prohibit the defendants from continuing to cause economic loss to Plaintiff</u>.

98. Plaintiff contends that these acts are done willingly, knowingly, fraudulently, intentionally, and will continue to injure the plaintiff if not immediately enjoined by this court and defendants should be permanently enjoined from the use of the mark SMART WALKIE TALKIE®.

99.  Plaintiff asserts to this Court that <u>the defendants are still knowingly,</u> <u>willfully, intentionally, and unlawfully using the property without a license,</u> <u>without legal justification, and without permission from the plaintiff</u> and such unlawful actions should be immediately enjoined in order to prevent further financial and economic damage to the plaintiff.

100.  Plaintiff request an immediate hearing on the Motion for Injunctive Relief, and shortly thereafter issue a permanent injunction against the defendants permanently enjoining the infringing conduct complained of herein.

101.  On information and belief, Defendants began using the mark "SMART WALKIE TALKIE" in 2017, subsequent to commencement of Plaintiff's common law, State, and Federal statutory rights in its SMART  WALKIE TALKIE" U.S trademarks and California Registered Trademark.

102.  Defendants counsel or legal representatives failed to properly follow up on Plaintiff's cease and desist letter and did not properly respond substantively despite the cease and desist letter that was sent to them.

103.  Rather than contact the plaintiff for a license, the defendants purport to believe that it had full right to use plaintiff's famous trademark "SMART WALKIE TALKIE®" without a valid licensing, and simply unlawfully converted for its own use plaintiff's trademarks, and continued to use the plaintiff's

intellectual property, but without <u>a valid license</u>, or <u>proper legal authorization</u>

from the plaintiff.

104. Plaintiff fully asserts that the representation made by defendants in their

letter dated <u>January 18, 2018</u> to the plaintiff is nothing more than <u>fraudulent</u>

<u>matter</u> which seeks to infringement plaintiff's federally registered trademark

rights, and to further <u>convert this intellectual property to defendants own use</u>

<u>and control</u>.

105. Defendants have asserted unlawful control and dominion over plaintiff's

federally trademarks, resulting in severe economic loss to the plaintiff.

106. <u>Because of the identical services and products offered by plaintiff and</u>

<u>defendant, the consuming public has been mislead and defrauded as to the</u>

<u>source of products and services offered by the plaintiff and defendant</u>.

107.  Moreover, defendants purported misrepresented "Settlement Letter"

was nothing more than a admission of infringement of the SMART WALKIE

TALKIE® federally registered trademark and acknowledgement that the

defendants would in fact unlawfully continue to use the mark in commerce

without the permission of the plaintiff, thereby knowingly willfully, and

intentionally infringing on the plaintiff's intellectual property rights.

## UNLAWFUL INFRINGEMENTS BY ORION, AMAZON, AND BEST BUY
## EXHIBIT 6 - AMAZON INFRINGMENTS

108. The preceding paragraphs and Exhibit "F" the fraud complaint, are incorporated herein by reference as if fully setforth herein.

109. It is alleged that AMAZON has infringed the said SMART WALKIE TALKIE trademark by it continued use of the plaintiff's mark as illustrated in Exhibit 6 attached herein and made a part hereof.

110. Unless AMAZON is enjoined from it illegal and improper use of the mark by the court, defendant will continue its campaign of unlawful infringement to violate the trademark rights of plaintiff by continuing the use the mark in commerce without permission and without a valid license causing further and continuing financial damages to plaintiff.

### EXHIBIT 7 – BEST BUY INC. INFRINGMENT

111. The preceding paragraphs and Exhibit "F" the fraud complaint, are incorporated herein by reference as if fully setforth herein.

112. It is alleged that BEST BUY has infringed the said SMART WALKIE TALKIE trademark by it continued use of the plaintiff's mark as illustrated in Exhibit 7 attached herein and made a part hereof.

113. Unless BEST BUY is enjoined from it illegal and improper use of the

mark by the court, defendant will continue its campaign of unlawful

infringement  to violate the trademark rights of plaintiff by continuing the use

the mark in commerce without permission and without a valid license causing

further and continuing financial damages to plaintiff.


114.  As shown in the several pages of ***Exhibit 3, EXHIBIT 4, EXHIBIT 6,***

***AND EXHIBIT 7***, and well exhibited in many other places, underline especially on the

internet, Defendant's and its agents continued unlawful use of Plaintiff's

SMART WALKIE TALKIE trademark and technology is made without

Plaintiff's permission and are made with constructive and actual notice of

Plaintiff's prior use and rights in the said trademarks for telecommunications

services and whereas, these unlawful activities have caused confusion and

is likely to continue to cause further confusion, or mistake, or to deceive and

defraud the public simply because the defendants use the exact same mark

"SMART WALKIE TALKIE®" as plaintiff to market its   ONYX SMART

WALKIE TALKKIE push to talk device.

115.  Defendant's actions have caused confusion, and are likely to continue

to cause confusion, mistake or deception, all to Plaintiff's irreparable injury

and Defendant's **unjust enrichment**, and benefit in violation of 15 U.S.C

Sections 1114(a)(1) (Section 32 of the Lanham Act)

116.  Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm if the unlawful and intentional acts of Defendants are allowed to continue.

## COUNT II:

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT AND THE TRADEMARK LAW REVISION ACT OF 1988

117.   Plaintiff re-alleges each and every preceding paragraph including Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

118.  The Defendant's unlawful and unauthorized use of Plaintiff's SMART WIDE WALKIE TALKIE trademark, are made without Plaintiff's permission, and with full knowledge of Plaintiff's prior use and rights in its trademarks, and further unlawfully trades on the goodwill which has been developed in Plaintiff's trademarks and moreover, is a false, fraudulent, and misleading representation of origin which as caused and is likely to continue to cause mistake, or to deceive the public as to the affiliation, connection or association of Defendant with Plaintiff or as to the origin, license, sponsorship or approval of Defendant's services by the Plaintiff.

119. The Defendant's acts as aforesaid constitutes <u>false designation of origin</u> fraud, and a false description or representation tending falsely to describe and represent the source of Defendant's services which acts were/are intended to mislead the public into believing that Defendant is associated with Plaintiff's SMART WIDE WALKIE TALKIE®, service trademark and/or plaintiff's wireless telecommunications product known as the SMART WALKIE TALKIE, but which in fact, plaintiff has no such association with defendants.

120. Defendant's willful infringement activity of SMART WALKIE TALKIE is <u>clear</u> and <u>convincing and unless enjoined from the infringing activities, plaintiff will continue to experience substantial economic loss.</u>

121. The Defendant's aforesaid acts are in violation of 15 U.S.C. 1125(a) Section 43(a) of the Lanham Act and should be immediately enjoined.

122. The Defendant's activities are intentional acts and are causing confusion to the public to the detriment of Plaintiff and in plaintiff's business reputation and constitute a ***fraud on the public***.

123. Plaintiff has no adequate remedy at law and will suffer irreparable harm if the acts of the Defendants are not enjoined or are allowed to continue.

## COUNT III:

124.  Plaintiff re-alleges each and every preceding paragraphs including
Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

## CALIFORNIA REGISTERED TRADEMARK & COMMON LAW TRADEMARK INFRINGEMENT

125.  Plaintiff has had continued use in commerce of the SMART WALKIE
TALKIE® *Registered trademark in the state of California*, in connection with
telecommunications services which establish state law and common law
trademark rights of the Plaintiff in the said registered trademark within the
State of California (**Exhibit 1A**) and in every state of the Union, because the
plaintiff also uses and controls the internet domain name SMART WALKIE
TALKIE®, located on the internet at SmartWalkieTalkie.net which is used to
market, and sell plaintiff's telecommunications products and wireless services
in the United States and internationally, including without limitation plaintiff
products and services relating to telecommunication's services, marked by
SMART WALKIE TALKIE technology and trademarks in California.

126.  By reason of its use, the public and trade have come to identify the
SMART WALKIE TALKIE®  federally registered trademark with the services
and wireless products of Plaintiff who offers wireless internet and Voice Over

Internet Protocol telephone and wireless services similar to defendant's services.

127.  In fact, defendants ORION LABS, LLC., AMAZON, and BEST BUY SMART WALKIE TALKIE  services are identical to the services and products of the plaintiff to the extent that all of the services offered are logically equivalent in nature and offering.

128.  Defendant's unauthorized use of the "SMART WALKIE TALKIE®" trademark has caused and is likely to continue to cause members of the public to believe that the Defendant's push to talk services are offered by way of a license or other agreement with Plaintiff, which in fact they are not.

## UNFAIR COMPETITION

129.  Additionally, this unauthorized use of the plaintiff's SMART WALKIE TALKIE® trademark without a valid license unlawfully infringes on plaintiff's state and federally protected trademark rights, and further causes public confusion as to the source of products and services, thereby fostering an unfair competition environment.

130.  Defendants further purport to own this mark in its advertising activities which further cause confusion as to the owner of the mark and source of products and services connected with plaintiff's trademarks.

131.   Defendant's continued unlawful use of the "SMART WALKIE TALKIE®" trademark is being made without restriction and without the control which would be present in a trademark license agreement, and thus Plaintiff has no control over the manner and quality with which such trademarks are used by Defendants. These false representations are made knowingly.

## UNJUST ENRICHMENT

132.   Defendant's use of the SMART WALKIE TALKIE® trademarks has caused, and will continue to cause, a likelihood of confusion, mistake or deception, all to the Plaintiff's irreparable injury and Defendant's ***unjust enrichment*** and benefit in violation of Plaintiff's common law and federally protected trademark rights and further constitutes ***fraud on the public*** because the public is mislead into believing that Nextel or ORION LABS, LLC.. and the other named defendants are the actual owners of this trademark, which in fact they are not.

133.   Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm as a result of these fraudulent and flagrant infringements if these unlawful acts of the Defendants are allowed to continue.

## COUNT IV:

## VIOLATION OF THE FEDERAL TRADEMARK DILUTION ACT OF 1995

134.  Plaintiff re-alleges each and every preceding paragraph including Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

135.  Defendants have violated the *Federal Trademark Dilution Act* of 1995 which expands the scope of rights granted to the plaintiff to the extent that plaintiff's mark is a famous and distinctive trademark which qualifies under the Federal Trademark Dilution Act of 1995.

136.  Defendants continued unauthorized, and unlawful use of plaintiff's famous federally registered trademark "SMART WALKIE TALKIE"® has caused dilution of the plaintiff's "distinctive quality" of the mark.

137.  These acts are willfully being done with full knowledge of plaintiff prior rights to use the mark in commerce granted by the U.S. Patent & Trademark Office and defendants are liable for treble damages under the Lanham Act..

### NO NEED TO PROVE LIKELIHOOD OF CONFUSION

138.  Further in regards to this cause of action, there is no need to prove likelihood under the Lanham Act, nor is there any need to show competition between the goods of the plaintiff and the defendant. Therefore, dilution exist because the defendants use the same famous mark as the plaintiff even if the defendants were to claim that the goods and services bears no relation to the

goods or services of the plaintiff's famous mark and further because the

defendants as shown herein, causes the dilution of the mark, by simply using

the said mark in commerce to market its own products and services such as

the ONXY SMART WALKIE TALKIE   (located at Orion on the internet)

service as used by the defendants in marketing and adverting within the

jurisdiction of this Court and United States of America.

139.   In regards to this cause of action, plaintiff asserts that "Blurring", has

occurred by which the connection in consumer's minds between the plaintiff's

mark (SMART WALKIE TALKIE® and the plaintiff's goods or services is

weakened and the defendants are the proximate causes of the blurring

complained of herein.

140.   Plaintiff further asserts that "***Tarnishment***" has occurred because

defendant's use of the mark is unsavory or unwholesome, or the mark is used

in connection with inferior products and services not related to the mark of the

SMART WALKIE TALKIE® trademark.

141.   Plaintiff further asserts that Defendants use of the plaintiff's famous

mark is willful, intentional, and unjust and thus *treble damages may be*

*applied in addition to actual damages and injunctive relief under law*.

142.   As provided under the Federal Trademark Dilution Act, this court may

examine all of the following factors that clearly show that the dilution act has

in fact been violated by the Defendants and their agents, namely:

1. The duration and extent of advertising for the mark; (world wide)
2. The geographic area in which the mark has been used;  (world wide)
3. The degree of distinctiveness of the mark (either through the nature of the mark itself, or through acquired distinctiveness);
4. The degree of recognition of the mark;
5. The method by which the product was distributed and marketed (the "channels of trade"); (internet)
6. The use of the mark by third parties; and
7. Whether the mark was federally registered as stated herein above:

143.   It is specifically alleged herein that the defendant willfully sought to

"trade on the plaintiff's reputation or to cause dilution of the mark," and

plaintiff is further entitled to attorneys fees, monetary damages, and even

treble damages, because the defendants willfully continue to trade or use the

mark, SMART WALKIE TALKIE®, without a valid license or permission, in

commerce and have knowingly and willfully ignored plaintiff's requests to

either license or cease and desist from using the mark in commerce.

144.   Plaintiff has no adequate remedy at law and has suffered and will

continue to suffer irreparable harm if the acts of the Defendant are allowed to

continue.

## COUNT V:

## UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT AND STATE LAW

145.  Plaintiff re-alleges each and every preceding paragraph including Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

146.  By unlawfully infringing upon the intellectual property rights of the plaintiff, the Defendants have engaged in ***unfair competition*** prohibited by law because the unlicensed or unauthorized acts complained of herein are comprised of torts that have caused and is continuing to cause economic injury to plaintiff's business, through a fraudulent, deceptive and/or wrongful business practices, and because these torts are meant to confuse consumers as to the source of the products or services.

147.  Plaintiff further alleges that the ***unfair competition*** is in fact trademark infringement,  as complained of below, misappropriation, fraud, false marking, trademark dilution, false advertising, deceptive selling tactics which confuse the public, unauthorized use of plaintiff's intangible assets, unauthorized substitution of plaintiff's goods and services for another, and false representation of products or services by the defendants.

148.  These acts constitute unfair competition, in violation of Section 1125 of the federal Lanham Act, The California Trademark Law, and the Deceptive Trade Practices Act of this State.

## COUNT VI:

## VIOLATION OF CALIFORNIA REGISTERED TRADMARK ACT

### ("Trademarks")

149.  Plaintiff re-alleges each and every preceding paragraphs including Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

150.  Defendants use of the plaintiff's 'SMART WALKIE TALKIE®' trademark cause likelihood of confusion or of misunderstanding as to the licensing, approval or certification of the services of the Defendant.

151 Defendants adoption and use of the plaintiff's "SMART WALKIE TALKIE®" trademark is/was being done with actual knowledge of Plaintiff's prior rights in said trademarks and *with the willful intent of capitalizing on the good will and mark recognition held by Plaintiff*, and with the willful intent of harming Plaintiff's business in the State of California in express violation of the Secretary of State issuance of the registered Trademark..

152.  Plaintiff asserts that the aforesaid acts are in violation The California Unfair Practices Act, beginning at Section 17000 of the California Business & Professions Code, which prohibits unfair competition and "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.".

153.  Plaintiff has no adequate remedy at law and is presently suffering, and will continue to suffer irreparable harm if such actions are allowed to continue.

154.  The hardship upon Plaintiff which will ensue from not enjoining further infringement of the Patent (or trademark) is that the defendant will negligently continue to unlawfully infringe the claims of the issued patent, (and federally registered trademark) **unjustly enriching** themselves, without paying licensing fees, and/or royalties to the plaintiff, <u>resulting in great financial loss to the plaintiff</u>.

155.  The unlicensed use of the federally and state registered protected trademark "SMART WALKIE TALKIE® in commerce and used by the defendants is an infringing activity which will continue by the defendants unless enjoined by this court.

156.  The issuance of the injunction will not disserve the public interest. To the contrary, granting the injunctive relief sought will serve the express national policy of protecting federally created patent and trademark rights.

157.  For these reasons, Plaintiff seeks a temporary restraining order, a preliminary injunction, and a permanent injunction against defendant ORION LABS, LLC.., AMAZON, and BEST BUY and each and every defendant, using the mark in commerce including the unknown defendants respectively referred to herein as the DOE's 1 though 1,000 permanently <u>restraining them</u>

from continuing to use the trademark "SMART WALKIE TALKIE® in commerce and in its advertising and marketing efforts  or on its internet website.

158.  Infringement of the federally protected and state registered trademark results in irreparable injury to the Plaintiff for which there is no adequate remedy at law.

159.  Congress, in recognition of this fact, has enacted 11 U.S.C. §1116, expressly authorizing injunctive relief against trademark infringement in order to preserve the federally mandated monopoly created by federal law for the benefit of the trademark holder.

160.  Plaintiff requests all of the following in the temporary restraining order, preliminary injunction and permanent injunction:

    (a)  That an order be issued from this court enjoining the trademark infringement activities complained of herein, namely, that defendants be immediately enjoined from using the federally protected and common law trademark "SMART WALKIE TALKIE®"  over its website and marketing and advertising activities, ADVERTISING MAGTERIALS, and,

    (b)  an order issued from this court ordering an accounting of defendants profits for the years 2017,2018, 2019, and 2020.

(c)   An order issued by this court ordering the defendants, attorneys, and

all those in active concert to permanently <u>cease and desist use of the</u>

<u>federally protected trademark "SMART WALKIE TALKIE®"</u> and,

(d)   An order issued by this court ordering the defendants, attorneys, and

all those in active concert to permanently cease and desist use and

sale of the so called Onyx "SMART WALKIE TALKIE" product

line which unlawfully infringes the plaintiff issued patent.

### Count  VII: *Unfair Competition (Marilyn  Law)*

## Section 13-301 - Unfair or deceptive trade practices

161. The Previous paragraph and Exhibit "F" is incorporated herein by reference as if fully setforth herein.

162. It is alleged herein that the said unlawful infringing acts  constitute Unfair and  Deceptive  Trade Practices  which violate California  Business and Deceptive Trade Practices Act.

(1) Defendants have False product marking with the trademark of another, falsely disparaging, or misleading oral or written statement, visual description, or other representations which has the capacity, tendency, or effect of deceiving or misleading consumers with the use of plaintiff's SMART WALKIE TRADEMARK ®.

(2) Representation that  Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit of SMART WALKIE TALKIE® services but  which in fact they do not have.

***Count XIII:*** *- Negligent Misrepresentation*

## DECEIT AND MISREPRESENTATION

163.  The Previous paragraph and Exhibit "F" is incorporated herein by reference as if fully setforth herein.

164. It is alleged herein that the said unlawful infringing acts constitute deceit and Negligent Misrepresentation in that:

(1)Defendants have  made intentional false representations that it has a license to use the trademark Smart Walkie Talkie ®, and

(2)Defendants have made intentional false representations that despite governing federal trademark law, it has the exclusive right to use plaintiff's Smart Walkie Talkie® trademark freely without a license, and,

(3) Defendants have made intentional false representations that despite governing federal trademark law it has the right to employ the "Fair Use" practices act in order to avoid licensing the trademark and/or avoid compliance with the federal Lanham Act.

(4) Plaintiff  and the consuming public was induced into believing that defendants false acts  were true.

(5) Plaintiff has suffered great economic loss and damages as a result of defendants  willful infringement and fraudulent representations.

### *Count IX* - *FRAUD: EXBHIT "F" COMPLAINT FOR FRAUD*

165.  The Previous paragraph and Exhibit "F" is incorporated herein by reference as if fully setforth herein in accordance with Rule 9(b) for the Federal Rules of Civil Procedure.

166.  It is alleged herein that the said unlawful infringing acts constitute actionable FRAUD because:

(i)    Defendants have made  false representations to the public and to plaintiff regarding its use of the Smart Walkie Talkie ® Trademark, and

(ii)   the representation's falsity was either known to the party making the representation or that the representation was made with reckless indifference as to its truth, and

(iii)  the misrepresentation was made for the purpose of defrauding the plaintiff, and

(iv)   the plaintiff relied on the misrepresentations and had the right to rely on it, and

**(v)**    the Plaintiff has suffered compensable injury resulting from the misrepresentations.

Further Exhibit "F" The fraud complaint more specifically demonstrates the fraud committed by defendants.

## COUNT X:

## CONVERSION

167.   Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint and incorporates them herein by this reference.

168. **ORION LABS, LLC.,  AMAZON,** has unlawfully asserted dominion and control over plaintiff's assets and intellectual property exclusively and indisputably owned by plaintiff by taking or converting the plaintiff's property to themselves, unjustly enriching themselves, without legal authority and converting it for its own self serving use.  As a direct and proximate result of defendants ORION LABS, LLC.'s wrongful acts complained of herein, plaintiff has been injured in an amount to be determined at trial in excess of $100 Million (U.S. Dollars)

(93)

## COUNT XI:

## GROSS NEGLIGENCE

169.   Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint and incorporates them herein by this reference.

170.  It is alleged that defendants are grossly negligent as it relates to the improper and unlawful use of plaintiff's trademark SMART WALKIE TALKIE ® trademark in commerce.

171.   Defendant,   **ORION LABS, LLC, AMAZON,** knowingly and willfully misrepresented to the public, including its investors, dealers, agents, distributors, the U.S press, the internet press, and the International press that it was and is the exclusive owner of the SMART WALKIE TALKIE® patented technology, and trademark in California and the United States in general. However, as setforth herein this representation is false and misleading to the public as the defendants are not the lawful owners of the mark or the SMART WALKIE TALKIE technology.

172.  Defendant, **ORION LABS, LLC.** knowingly and willfully misrepresented to the public, including its investors, dealers and agents, distributors, the U.S. press, the internet press, and the International press that it was and is authorized to offer for sale and sell the famous trade name **SMART WALKIE TALKIE**® federally registered trade name.

173.  However, Plaintiff has never authorized the use of the trade name to the defendants.

174.   The defendants are presently, and knowing, and intentionally using this mark without a license, and with full intent to deprive plaintiff of his federally protected trademark in both the SMART WALKIE TALKIE® trademark.

175.   ORION LABS, LLC. has engaged in unlawful, fraudulent, misleading conduct which creates a likelihood of confusion or misunderstanding regarding the goods and services supplied by plaintiff and defendant ORION LABS, LLC..

176.   At present, the consuming public on a national and/or international scale are lead to believe that defendants are the owners of the SMART WALKIE TALKIE ® trademark, but in fact they are not.

## COUNT XII:

### CONSPIRACTY TO VIOLATE 18 USC §1962(c)

### RACKEETEER INFLUENCE CORRUPT ORGANIZATION

### SUBSTANTIVE ALLEGATIONS CONCERNING VIOLATIONS OF THE RACKETTER INFLUENCED CORRUPT ORGANIZATION ACT

177.    Plaintiff re-allege, as if fully set forth herein, each allegation set forth herein above.

178.    The defendants along with their employees, and agents, herein conspired among themselves to violate 18 U.S.C. §1962(c), by agreeing to conduct or participate in the affairs of the enterprises referred to in this complaint through a pattern of unlawful racketeering activity and committed more than two acts of racketeering activity, including but not limited to accounting fraud, **fraud**, **theft,** and **conversion**, one of which occurred after the effective date of this racketeering chapter and the last of which occurred after the effective date of racketeering chapter and the last of which occurred within ten years after the commission of a prior act of racketeering activity and the racketeering activity is ongoing by the defendants.

179. The racketeering complained of includes but is not limited to, intellectual property theft, conversions, accounting fraud which wrongly accounts for illegal use of licensing, U.S patents and trademarks, frauds and swindles, fraud, theft of patented technology protected under U.S. law, and of moneys illegally gained from the unauthorized use, sale, or licensing of plaintiff's intellectual property described herein, and related to the SMART WALKIE TALKIE/WORLD WIDE WALKIE TALKIE, and **fraudulent claims** made to the public by the defendants, regarding the status of defendants use of intellectual property owned by the plaintiff, and several unlawful attempts to otherwise gain unlawful monies generated from the unlawful use of plaintiff's famous federally registered trademark SMART WALKIE TALKIE® and patented technology as setout herein above.

180. At all times relevant herein, it is alleged that the defendants, their employees, agents, attorneys, and all other persons acting in concert or purporting to act as representatives for the defendants, had devised a scheme, such as the letter dated January 18, 2018, or artifice to defraud, or to obtain money or property from the illegal use and sale of plaintiff's intellectual property by means of false, or fraudulent pretenses, or to procure for unlawful use counterfeit devices, (SMART WALKIE TALKIE) or spurious coin, and other devices used to defraud for the sole purpose of defrauding plaintiff and

the public of monies which were/are unlawfully gain and conversion of intellectual property rightfully and justly belonging to plaintiff's personal and business estate in violation of 18 U.S.C. §1341.

181. At all times pertinent herein the defendants **knowingly** delivered or caused to be delivered fraudulent matter via electronic wire, or email, to aid them in the commission of the acts complained of herein and did many times as complained of herein, advertise fraudulent documents, and devices and the said fraudulent documents was addressed to the public and plaintiff in further violation of 18 U.S.C. Section 1341.

182. It is further alleged that the acts committed by the defendants were unlawful in every respect because the defendants, attorneys, employees, or associates with the defendants conducted, lead, managed or directed the affairs of the enterprise by using fraud, conversion, conspiracy, and other unlawful means to run the ORION LABS, LLC. enterprise. ORION LABS, LLC. was the enterprise conducted.

183. The pattern of racketeering included criminal conduct that is related to theft of intellectual property, conversion, and "hijacking" of plaintiff's intellectual property and was continuous up until the filing of this lawsuit. The predicate acts extended from early 2017 and continues throughout

January 2021 is comprised of long term criminal conduct by the defendants.

184. For example, the defendants committed several acts of long term money laundering as setout herein by conducting or attempting to conduct financial transactions as set out above, and which the defendants knew involved the proceeds from unlawful infringing activity, conversions, theft, and with the intent either to promote or further the unlawful activity.

185.  With the deployment of deceptive practices the defendants were able to obtain millions upon millions in sales & credit transactions for themselves.  The individual defendants named herein were employees of or associated with the enterprise.

186.   The enterprise comprised attorneys, investors, employees, agents, dealers, and others to accomplish the said unlawful acts.  On information and belief, the department of Homeland Security, department of Intellectual property, the Federal Bureau of Investigation (FBI) and/or other federal and state agencies are presently investigating the infringement activities and theft of the intellectual property complained of herein.

## Section 1961 RICO Violations

187.  Plaintiff's re-allege, as if fully set forth herein, each allegation above. Prior too and while in the course of contacting ORION LABS, LLC., the defendants committed the following non-exclusive acts of Racketeering all in violation of Section 1961.  The following non-exclusives acts includes but is not limited to all of the following:

(a)  Sections 891-894 violations relating to extortionate credit transactions; and,

(b)  Section 1028 violations relating to fraud and related activity in connection with identification documents, including but not limited to intellectual property claims, and,

(c)  Section 1029 violations relating to fraud and related activity in connection with access devices, including but not limited to computing access devices, the intellectual property account number of plaintiff patents and trademarks, computing networks, and private and public data networks, and,

(d) Section 1341 violations relating to mail fraud; and,

(e) Section 1343 violations relating to wire fraud, and,

(f) Section 1344 relating to financial institution fraud, and,

(g)  Section 1956 violations relating to the laundering of monetary instruments, including but not limited to unlawfully licensing contracts between the defendants and other companies, and,

(h) Section 1957 violation relating to engaging in monetary transactions in property derived from specified unlawful activity), namely intellectual property theft, and conversions.

## Section 1962 RICO Violations

188. The preceding paragraph of this complaint are incorporated herein by reference.

189. It is specifically alleged that the defendants committed many unlawful acts regarding racketeering activity, and has <u>received unjust income</u> derived, directly or indirectly, from a pattern of racketeering activity, or through the unlawful use, sale, and licensing intellectual property belonging to the plaintiff, including but not limited to SMART WALKIE TALKIE® ,World Wide Walkie Talkie®  and which the defendants has participated as a principal within the meaning of section 2, title 18, United States Code, and the said acts are indictable under the Currency and Foreign Transactions Reporting Act.

190. It is specifically alleged that the defendants named herein caused to use proceeds, or invest, directly or indirectly any part of such income converted or unlawfully channeled from the plaintiff, or the proceeds of such income, in acquisition of intellectual property real estate interest in, or the establishment or operation of, any enterprise which has engaged in, or the activities of which affect, interstate or foreign commerce.

191. Plaintiff has no adequate remedy at law and is presently suffering, and will continue to suffer irreparable harm if such actions are allowed to continue.

## CONTINUING AND ONGOING INFRINGEMENT

## INTERNET WEB PAGE INFRINGEMENT

192.   ORION LABS, LLC.'s infringing actions have the tendency or capacity to mislead the public about the true source of the services and technology covered by the plaintiff's Trademark respectively with the use of the tradename "SMART WALKIE TALKIE® to market its push to talk.

193. For example, Defendant uses the term "SMART WALKIE TALKIE" throughout the internet space and internet search engines to drive traffic to their own website or business.

194. Computer HTML software codes are wrongfully inserted into webpages bearing the plaintiff's registered trademark "SMART WALKIE TALKIE" in an effort to fool the public and lead consumers to their own website.

## COUNT XIII:

## **DECLARATORY JUDGMENT**

195.   Plaintiff is entitled to a declaratory judgment against defendants pursuant to the Declaratory Judgment act 28 U.S.C. §§2201-02.

196.  Specifically, plaintiff is entitled to a declaratory judgment as follows:

A declaratory judgment declaring that defendants have infringed the plaintiff's Trademark SMART WALKIE TALKIE ®

A declaratory judgment that defendants committed fraud as setforth herein, and in Exhibit F – The fraud complaint.

A declaratory judgment that defendants have engaged in deceptive trade practices and deceit.

A declaratory judgment that defendants have absolutely no right to use the trademark in commerce.

A declaratory judgment that plaintiff is the sole owner which has exclusively right to use the federal trademark Smart Walkie Talkie®.

A declaratory judgment  that defendants violated Maryland's Deceptive Trade practices by its unlawful use of Plaintiff's Trademark.

 A declaratory judgment that defendants acts are extreme and outrageous.

## EXTREME AND OUTRAGEOUS CONDUCT

197.   Plaintiff further contends that defendant's willful disregard for plaintiff intellectual property rights, the knowingly and intentional treatment in defrauding, the unlawful use of intellectual property complained of herein, including but not limited to, unlicensed use of the intellectual property, unlicensed and fraudulent use of the "SMART WALKIE TALKIE®" trademark, theft, conversions, fraud, negligent misrepresentation, negligence, inter alia, and outright stripping him of patent and trademark rights guaranteed under federal and state law, including the right to collect royalties from the use of plaintiff's intellectual property exceeds all bounds usually tolerated by a decent society, and moreover was **done with malice**, and with intent to cause knowledge that it would cause and in fact has caused severe mental and physical distress and economic loss to the plaintiff.

198.   That, in the alternative and in the event that this court finds that there was no conspiracy between the defendants named herein to harass the plaintiff, plaintiff alleges that one or more or all of the defendants named herein independently committed the unlawful acts described herein, which acts resulted in the deprivation and violation of

plaintiff's rights, privileges, and immunities guaranteed by under federal and state law and common law of the State of California.

199.  ORION LABS, LLC.'s general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

200.  Plaintiff is therefore entitled to damages in an amount to determined at trial and to be trebled; an order enjoining the infringing conduct complained of herein, a declaration that defendants actions constitute trademark infringement, patent infringement, an order of replevin ordering the U.S. Marshals to seize certain assets of the defendants during the pendency of trial and in such further relief as the Court may deem proper.

## PUNITIVE DAMAGES

201.   Plaintiff alleges that because of the willful, knowingly, unlawful and unconscious able infringing acts, and the other unlawful acts complained of herein, including the conspiracies contemplated between the defendants, the willful unlicensed use of plaintiff's federally registered trademark, and patent, intentional willful infringement, fraud, continuously using the property even after advising the defendants of prior use, the reckless disregard for law, inter alia, and for other unlawful offenses committed against him including the oppression, the deliberate infliction of mental and emotional distress, physical and mental pain upon him, the wrongful and unjust hijacking of the trademark and patent complained of herein, the wanton, careless and deliberate disregard for his civil rights, and for other reason at law, Plaintiff is entitled to recover punitive damages, in addition to actual damages.

202.   That if it is found that one or more or all of the defendants did not actively participate in the said illegal acts and conspiracy, it is alleged that said defendants had knowledge of the conspiracy, the power to prevent or aid in the prevention of the conspiracy, and other unlawful acts complained of herein and refused to do so.

## PRAYER FOR RELIEF

203. WHEREFORE, Plaintiff requests of this Court the following relief:

1.  Issuance of an immediate Temporary Restraining Order, preliminary and permanent injunctions prohibiting defendants AMAZON, ORION LABS, LLC.., its agents, dealers, and distributors from operating, assigning, alienating or using the federally registered trademark SMART WALKIE TALKIE®, and/or selling the Infringing mark and prohibiting all future infringement of the Trademark and Patent by ORION LABS, LLC.., Inc. and/or its agents, dealers, and distributors, and,

2.  A declaratory judgment that the use of plaintiff's intellectual property & Registered Trademarks was willful unlawful, and,

3.  A judgment against  AMAZON, ORION LABS, LLC.., and other defendants for <u>trademark infringement</u>, 15 USC §1114 and §11125 and,

4.  Enhanced Damages and Attorney Fees, and,

5.  Injunction against continued trademark infringement and unfair competition, 15 USC §1116 and,

6.  Imposition of a constructive trust on all proceeds earned from the trademark infringement and patent infringement, and,

7.  A Declaratory Judgment declaring that the defendants violated the federal Trademark Dilution Act USC 1023(c) Section 43(c) of the Lanham Act, and,

8.  A judgment ordering defendants to do a complete accounting of all profits earned and to turn over those profits, trebled to the plaintiff, and,

9.      Increase and trebled damages for willful trademark infringement under the Lanham Act, and,

10.     Judgment and damages for conversions, fraud, and racketeering,

11.     Injunction requiring defendants to return all intellectual property of plaintiff in its possession to the plaintiff, and,

12.     Injunction prohibiting defendants and its agents from further using the said intellectual properties without a license, and,

13.     Judgment and damages for ORION LABS, LLC.'s violations of federal and state unfair competition law, and an injunction against continued trademark law violations, and,

14.     Cost pursuant to Federal Rules of Civil Procedure 54(d), and,

15.     An order that the defendants be permanently enjoined from its improper infringing activities and practices described herein, and,

16.     An order awarding restitution and/or disgorgement of profits earned by fraud, misrepresentation, or other unlawful activities, complained of herein, and,

17.     An award of compensatory damages, treble damages and any additional consequential and incidental damages and cost suffered, and,

18.     A judgment declaring that the acts complained violate and interfere with Plaintiff's civil rights protected under law, and,

19.     An order allowing the substitution of counsel as may be appropriate and requested by the plaintiff during the pendency of this case, and,

20.     An order directing the U.S. Marshal or other appropriate officer of the State of  California to seize the bank account

funds and deliver to the trustee of this court pending a final hearing in this matter, and,

21.     An order setting this matter for an expedited hearing, and,

22.     Any and all such other relief this Court deems proper of whatever nature as may be just and equitable and/or required or permitted by law.

204.  Plaintiff further pray that this Honorable Court after due proceeding and all legal delays do enter judgment against the defendants jointly, severely, and in solido, condemning them all, for the said unlawful acts in the full amount of   $500,000,000. (Five Hundred Million), the fair market value considering defendants  millions of dollars reaped in profits made from the unlawful use of plaintiff's trademarks including court cost, attorney fees, interest from the date of judicial demand and for all general and equitable relief afforded under law.

                    **JURY TRIAL**: Plaintiff demands a trial by Jury.
Respectfully Submitted

*Alfred McZeal, Jr.*                              DATED:  AUGUST 3, 2021
ALFRED MCZEAL, JR.
SMART WALKIE TALKIE
**2620 FASHION AVE**
**LONG BEACH, CA.  90810**
Phone: 832-930-3777

*Alfred McZeal, Jr. vs. Amazon.com Services, LLC, et al*

1

**VERIFICATION**

2

**OF**

3

Alfred McZeal, Jr.

4
I (we),          Alfred McZeal, Jr.          am a plaintiffs in the above-entitled action. I (we)

5
have read the foregoing complaint for Lanham Act Trademark Infringement and other matters and

6
know the contents thereof.  The same is true of  my own knowledge, except as to those matters

7
which are therein alleged on information and belief, and as to those matters, I (we) believe it to be

8
true.

9
I (we) declare under penalty of perjury that the foregoing is true and correct and that this

10
declaration was executed at: _____ LONG BEACH, CALIFORNIA _____

11

12

13
_____ *Alfred McZeal, Jr.* _____

Alfred McZeal, Jr.

14

15
Dated: __September 01, 2021__

16

17

18

19

20

21

22

23

24

25

26

27

28

*ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al*

## EXHIBITS FOR JUDICIAL NOTICE

| EXHIBIT # | DESCRIPTION OF EXHIBIT | # OF PAGES |
|---|---|---|
| 1 | PLAINTIFF'S FEDERAL TRADEMARK "SMART WALKIE TALKIE" - US REG NO. 5,303,249 Registration Date : October 3, 2017 | 2 |
| 1A | PLAINTIFF'S CALIFORNIA REGISTERED TRADEMARK "SMART WALKIE TALKIE" CALIFORNIA REGISTRATION NO: 305897; Registration Date: January 31, 2019 | 8 |
| 2 | PLAINTIFF'S NOTICE TO CEASE AND DESIST LETTER TO ORION LABS, LLC AND JESSE ROBBINS, CEO DATED 12/12/2017 | 2 |
| 3 | DEFENDANT'S ORION LABS, INC FRAUDULENT "FAIR USE" LETTER DATED JANUARY 18, 2018  FROM  COUNSEL C. THOMAS SYLKE | 4 |
| 4 | ORION LAB'S LLC  WEBSITE TRADEMARK INFRINGEMENTS | 12 |
| 6 | AMAZON.COM SERVICES, LLC WEBSITE TRADEMARK INFRINGEMENTS | 10 |
| 7 | BEST BUY, INC.  WEBSITE TRADEMARK INFRINGEMENTS | 1 |
| F | EXHIBIT "F" COMPLAINT FOR FRAUD | 12 |

ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT "_1_"

## PLAINTIFF'S FEDERAL TRADEMARK "SMART WALKIE TALKIE" - US REG NO. 5,303,249 Registration Date : October 3, 2017

NO OF PAGES: ___2___

1/29/2021            Trademark Electronic Search System (TE.. .)  **EXHIBIT #1**



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Contacts|eBusiness|eBiz alerts|News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri Jan 29 03:17:22 EST 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# Smart Walkie Talkie

| | |
|---|---|
| **Word Mark** | **SMART WALKIE TALKIE** |
| **Goods and Services** | IC 038. US 100 101 104. G & S: COMMUNICATIONS SERVICES IN THE NATURE OF PROVIDING INTERNATIONAL NETWORKS SERVICES, INTERSTELLAR COMMUNICATIONS SERVICES, AND WIRELESS COMMUNICATIONS SERVICES TO MOBILE PHONES, CELLULAR PHONES, SATELLITE PHONES, VSAT TERMINALS, COMPUTERS, WIRELESS ACCESS POINTS, AND HIGH SPEED WIRELESS MULTI-USER ACCESS TO A GLOBAL WIRELESS INTERSTELLAR NETWORK, AND MOBILE SOFTWARE PORTAL; TELECOMMUNICATION SERVICES, NAMELY, VOICE OVER INTERNET PROTOCOL TELEPHONY SERVICES; TELECOMMUNICATION SERVICES, NAMELY, INTERNATIONAL LONG DISTANCE TRANSMISSION OF VOICE, DATA, VIDEO NETWORKS, REAL TIME VIDEO, PICTURES, GRAPHICS, BY MEANS OF STELEPHONE, COMPUTER, WIRELESS NETWORKS, AND HIGH SPEED SATELLITE TRANSMISSIONS; TELECOMMUNICATIONS SERVICES, namely, GPS AND GLOBAL POSITION SERVICES AND GPS MOBILE SOFTWARE; TELECOMMUNICATION SERVICES, namely, PROVIDING SATELLITE TELECOMMUNICATION CONNECTIONS TO A COMPUTER BASED DISTRIBUTED NETWORK, USING THE INTERNET, VOICE OVER INTERNET PROTOCOL, GROUP PACKET RADIO SERVICE, SATELLITE INTERNET SERVICES, AND SATELLITE CONNECTIONS FOR WORLD WIDE WIRELESS TELECOMMUNICATIONS. FIRST USE: 20150916. FIRST USE IN COMMERCE: 20170413 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 87214250 |
| **Filing Date** | October 25, 2016 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 4, 2017 |
| **Registration** | 5303249 |

| | |
|---|---|
| **Number** | |
| **Registration Date** | October 3, 2017 |
| **Owner** | (REGISTRANT) McZeal, Alfred Jr. DBA WORLD WIDE WALKIE TALKIE INDIVIDUAL UNITED STATES 315 JACKSON ST LAFAYETTE LOUISIANA 70501 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WALKIE TALKIE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT "1A"

## PLAINTIFF'S CALIFORNIA REGISTERED TRADEMARK
## "SMART WALKIE TALKIE"
## CALIFORNIA REGISTRATION NO: 305897;
## Registration Date: January 31, 2019

NO OF PAGES: ___8___

# EXHIBIT 1A - CALIFORNIA REGISTERED TRADEMARK



CALIFORNIA
SECRETARY OF STATE

Business
Programs Division

Trademarks, 1500 11th St., 2nd Floor
Sacramento, CA 95814
bizfile.sos.ca.gov

## Thank You for Registering your Trademark/Service Mark in California

Congratulations on the registration of your Trademark/Service Mark with the California Secretary of State (SOS). Enclosed are the Certificate of Registration and a copy of the filed application including copies of the drawing page and specimen you submitted.

### What's next?

1. Although the Secretary of State's office has conducted a search of marks registered with this office and your mark does not appear to resemble any California registered mark, there may be unregistered marks, California trade names, fictitious names, or names under which individuals conduct business that may resemble your mark. You, as the owner of the mark are responsible for protecting your rights to the mark.

2. A registered mark is effective for a term of **five (5) years.** This office does not send a notification of expiration; therefore, it is your responsibility as the owner to renew the mark within six (6) months prior to the mark's expiration date.

3. If you have any questions regarding such rights, you should consult with private legal counsel.

*Trademark Cover Letter (Rev. 11/2017)*



# California Secretary of State
## Electronic Certificate of
## Registration of Trademark/Service Mark

I, ALEX PADILLA, Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Type of Mark: | Service Mark |
| Name of Owner (Registrant): | Alfred McZeal, Jr. d/b/a/ World Wide Walkie Talkie |

| | |
|---|---|
| Registration Number: | 305897 |
| Business Address: | 315 Jackson, Lafayette, La, 70501, United States Of America |
| Business Structure: | Sole Proprietor |
| Names of General Partners: | None |
| Date First Used Anywhere: | 12/06/1999 |
| Date First Used in California: | 09/01/2010 |

Description of Mark:
Smart Walkie Talkie

Disclaimer:
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WALKIE TALKIE" APART FROM THE MARK AS SHOWN.

Identification of Goods or Services:
PROVIDING GLOBAL WIRELESS PTT COMMUNICATIONS VIA CELLULAR PHONES, SATELLITE PHONES, WIRELESS COMPUTERS AND WIRELESS MULTIPLE-USER ACCESS TO A GLOBAL DISTRIBUTED COMPUTER NETWORK; TELECOMMUNICATION SERVICES, NAMELY, VOICE OVER INTERNET PROTOCOL TELEPHONY SERVICES; TELECOMMUNICATION SERVICES, NAMELY, WORLD WIDE LONG DISTANCE TRANSMISSION OF VOICE, DATA, REAL TIME VIDEO, GRAPHICS, BY MEANS OF TELEPHONE, COMPUTER, AND HIGH SPEED SATELLITE TRANSMISSIONS USING PUSH TO TALK DEVICES.

| | |
|---|---|
| Classification Code(s): | 38 |
| Date of Registration: | 01/31/2019 |
| Term of Registration Extends to and Includes: | 01/31/2024 |

Certificate Verification Number: DV4PRR



# California Secretary of State
## Electronic Certificate of
## Registration of Trademark/Service Mark

In accordance with the application filed in this office, the mark described above has been duly registered. A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California on January 31, 2019.

**ALEX PADILLA**
**Secretary of State**

Verification Number: DV4PRR
Date Issued: 01/31/2019
Registration Number: 305897

2017 California Secretary of State



**California Secretary of State**
Electronic Certified Copy

I, ALEX PADILLA, Secretary of State of the State of California, hereby certify that the attached transcript of 5   page(s) is a full, true and correct copy of the original record in the custody of the California Secretary of State's office.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California on January 31, 2019.

**ALEX PADILLA**
**Secretary of State**

Verification Number: QF18ZW
Date Issued: 01/31/2019



**California Secretary of State**
Electronic Filing



**FILED**
Secretary of State
State of California

## Trademark/Service Mark - Application for Registration

| | |
|---|---|
| Type of Mark: | Service Mark |
| Name of Owner (Registrant): | Alfred McZeal, Jr. d/b/a/ World Wide Walkie Talkie |

| | |
|---|---|
| Registration Number: | 305897 |
| Classification Code(s): | 38 |
| File Date: | 01/31/2019 |

**Detailed Filing Information**

1. Application for Registration of:     Service Mark

2. Owner (Registrant) Information:
   a. Name of Owner (Registrant):     Alfred McZeal, Jr. d/b/a/ World Wide Walkie Talkie

   b. Business Address:     315 Jackson, Lafayette, La, 70501, United States Of America

   c. Declaration of Ownership:
   Registrant declares that the Registrant is the owner of the mark, that the mark is in use, and that to the Registrant's knowledge, no other person has registered the mark in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive.

   d. Business Structure:     Sole Proprietor

   e. Name of General Partner(s):     None

3. Description of Mark:
   Smart Walkie Talkie

See drawing page attached and incorporated by reference.
Use bizfile.sos.ca.gov *for online filings, searches, business records, and resources.*

Certificate Verification Number: QF18ZW

Registration Number: 305897

## California Secretary of State
Electronic Filing

4.  Design Code(s):

5.  Disclaimer:
    NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WALKIE TALKIE"
    APART FROM THE MARK AS SHOWN.

6.  Date of First Use of Mark

    a.  Date Mark was First Used Anywhere:     12/06/1999

    b.  Date Mark was First Used in California:   09/01/2010

7.  Identification of Goods or Products/Services:

    a.  List specific Goods or Products/Services:
        PROVIDING GLOBAL WIRELESS PTT COMMUNICATIONS VIA CELLULAR PHONES, SATELLITE
        PHONES, WIRELESS COMPUTERS AND WIRELESS MULTIPLE-USER ACCESS TO A GLOBAL
        DISTRIBUTED COMPUTER NETWORK; TELECOMMUNICATION SERVICES, NAMELY, VOICE
        OVER INTERNET PROTOCOL TELEPHONY SERVICES; TELECOMMUNICATION SERVICES,
        NAMELY, WORLD WIDE LONG DISTANCE TRANSMISSION OF VOICE, DATA, REAL TIME VIDEO,
        GRAPHICS, BY MEANS OF TELEPHONE, COMPUTER, AND HIGH SPEED SATELLITE
        TRANSMISSIONS USING PUSH TO TALK DEVICES.

    b.  Classification Code(s):          38

8.  U.S. Patent and Trademark Information

    a.  File Date:                        10/11/2016

    b.  Serial/File Number:               87214250

    c.  Status of Application:            Allowed or In Issue

    d.  If Refused, Why?:

9.  How is the Mark Used:
    On Advertising Brochures, On Advertising Leaflets, On Business Cards, On
    Letterhead, On Menus, Advertisement/Branding On Webpage, Other
    www.SmartWalkieTalkie.net

10. Type of Specimen:
    X-5

See Specimen attached and incorporated by reference.

Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

Certificate Verification Number: QF18ZW

Registration Number: 305897

# California Secretary of State
## Electronic Filing

11. Authorized Representative:                 Yes

**Declaration of Accuracy and Signature**

I declare that all the foregoing information contained in this Application is accurate, true and correct and that I am authorized to sign this Application. I understand that if I willfully state in the Application any material fact that I know to be false, I will be subject to a civil penalty of not more than ten thousand dollars ($10,000.00).

Registrant or Authorized Representative:     Alfred McZeal, Jr.

Date Electronically Signed:                 01/31/2019

*The remainder of this page is intentionally left blank.*

Certificate Verification Number: QF18ZW

smartwalkietalkie.net/index.html

Johnnie | Enjoy Caruso | Online Donation Sys | Website Scripts - Be | HK TriTrust Integrity | google.com | Google.com | Settings | Easy-to-use n

Smart Walkie Talkie | 4G Cellular Services | Video Networks | VSAT Services | VoIP Services | Satellite Internet

HOME PAGE | SERVICES |

# Welcome to
# Smart Walkie Talkie(tm)

Smart Wakie Talkie(™)



**Smart Walkie Talkie (tm) a division of World Wide Walkie Talkie (tm) provides worldwide broadband Internet services and access with SLA and full support of QoS, VPN, business quality VoIP, videoconferencing and smart PTT devices which can be used world wide virtually anywhere on the planet. We provide international communications services anywhere on the globe and can establish 4G cellular telephone services anywhere on the planet within 48 hours after equipment arrives on site.**

# Smart Walkie Talkie

ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT " 2 "

## PLAINTIFF'S NOTICE TO CEASE AND DESIST LETTER TO ORION LABS, LLC AND JESSE ROBBINS, CEO DATED 12/12/2017

NO OF PAGES: __1__

**AL MCZEAL, CEO**
*633 West Fifth St. 26th & 28th Floors,*
*U.S. BANK TOWERS, LOS ANGELES, CA. 90017*
*1-888-833-2459 X801     FAX: 1-888-833-2459*

**WORLD WIDE WALKIE TALKIE**®
*"Connecting Everyone, Everywhere"*
**www.worldwidewalkietalkie.com**

**LOS ANGELES, CA**
888-833-2459
213-408-7035

**LONG BEACH, CA**
888-833-2459 801

**NEW YORK, NY**
917-398-0033

**HOUSTON, TX**
(713) 893-3818

**ATLANTA, GA**
888-833-2459

**LAS VEGAS, NV.**
(725) 333-1505

**WASHINGTON, DC**
888-833-2459
202-800-9920

# EXHIBIT #2

**December 11, 2017     Monday**

**Mr. Jesse Robbins, CEO**
**Orion Labs, Inc.**
**208 utah St Suite 350**
**San Francisco, CA. 94103**

**Smart Walkie Talkie**®
**COMMUNICATIONS**
**www.smartwalkietalkie.net**

☑ U.S. Express Mail   ☐ email
☐ FAX_____   _____

**Subject:**

## "SMART WALKIE TALKIE" TRADEMARK INFRINGEMENT:
## NOTICE TO CEASE & DESIST

Dear Mr. Robbins,

My company is the owner of rights to the mark "Smart Walkie Talkie" ("mark"). The mark has been registered with the U.S. Patent and Trademark Office, and United States Registration No. 5,303,249 has been issued for the mark. A copy of the registration certificate registered on the Principal Register is enclosed for your information.

My company has just learned of your use of this mark. Specifically, your use of the mark is Identical to the Smart Walkie Talkie trademark and product that I have already registered. Your continued use is likely to cause confusion.

From the information that we have received regarding your use, our use of this mark has priority over yours based upon our earlier and continuous use, as well as the above federal registration. Therefore, your use is a violation of my company's rights.

We are demanding that you cease and desist and immediately stop using this mark or any other name or mark confusingly similar. If you promptly contact us and provide written assurance that you have taken steps to discontinue such use, we will not pursue this matter further and will not assert any claim against you for money damages. You must provide us with an acceptable response before December 20, 2017 in order to avoid possible legal action against you.

Alternatively, we may be able to license use of this trademark. However, the use of this Registered Trademark may not be used without a valid license agreement.

Please contact us at the above address if you have any questions or need additional information. Our e-mail address is almczeal@gmail.com. A fax can be sent to 1-888-833-2459.

Sincerely,

Al McZeal
CEO                          attachment: US Trademark "Smart Walkie Talkie"

**www.worldwidewalkietalkie.com/satellite**

**Mr. Jesse Robbins, CEO**
**Orion Labs, Inc.**
**208 Utah St. Suite 350**
**San Francisco, CA. 94103**

ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT " 3 "

## DEFENDANT'S ORION LABS, INC FRAUDULENT "FAIR USE" LETTER DATED JANUARY 18, 2018  FROM COUNSEL C. THOMAS SYLKE

NO OF PAGES:    4

# EXHIBIT #3

## SETTER ROCHE LLP

14694 ORCHARD PARKWAY
BUILDING A, SUITE 200
WESTMINSTER, CO 800023
PHONE 720-562-2280

Attorney C. Thomas Sylke
tom@setterroche.com

January 18, 2018

**VIA EMAIL**

Mr. Al McZeal
Chief Executive Officer
633 West Fifth Street
U.S. Bank Towers
Los Angeles, CA 90017

Re:   U.S. Registration No. 5,303,249
      Orion Labs, Inc.

Dear Mr. McZeal:

As you know, your letter dated December 11, 2017 has been referred to our law firm for evaluation and reply on behalf of Orion Labs Inc. of San Francisco, California. We have reviewed and assessed your claim of trademark infringement, including reviewing U.S. Service Mark Registration No. 5,303,249, your asserted use of the term "smart walkie talkie," Orion Labs' own use of the term "smart walkie talkie," and the relevant law regarding the parties' uses. At this time, Orion Labs does not believe that you have asserted any rights and underlying basis for such rights that require Orion Labs' discontinuance of its use of the term "smart walkie talkie," which is a descriptive phrase that fairly describes Orion Labs' ONYX™ products. The specific reasons for this conclusion are discussed in detail below.

Preliminarily, our firm wants to advise you that, if you are represented by counsel, any future communications between you and Orion Labs should be conducted by the parties' attorneys rather than involving you personally. There is no reference to an attorney or law firm in your letter or in the file history of your registration with the USPTO, so you will need to provide us with the name of that attorney or firm, if counsel is advising you in this matter.

Mr. Al McZeal
January 18, 2018
Page 2


<u>Descriptive Subject Matter</u>

Initially, the U.S. Patent and Trademark Office likely issued the '249 Registration in error; the term "smart walkie talkie," as applied to subject matter such as that described in your original application, is considered descriptive (and thus not registrable) absent proof of secondary meaning under 15 U.S.C. § 1052(f). As such, that registration would likely be canceled by the USPTO if Orion Labs or another party were to initiate a cancellation proceeding asserting that the registration was improperly issued by the USPTO. Grounds for such a cancellation petition would be based on Lanham Act 15 U.S.C. § 1052(e)(1), which prohibits registration of terms that are "merely descriptive" of an ingredient, quality, characteristic, function, feature, purpose or use of the products and/or services with which the mark is used. Here, both the term "smart" and the term "walkie talkie" are descriptive and thus the phrase "smart walkie talkie" should not have been registered.

Examples of other marks utilizing the descriptive term "smart" in which a disclaimer of that term has been required include SMART TV ALLIANCE, SMART WIRELESS SOLUTIONS ADCON, SMART TURBO, SMART MOVEMENT and others. Moreover, the USPTO has held that the term "smart" is descriptive when used in connection with goods and services involving smart phones and similar devices/technology (see, e.g., *In re Cryomedical Scis. Inc.*, 32 USPQ2d 1377, 1378 (TTAB 1994) (holding SMARTPROBE merely descriptive of disposable cryosurgical probes); and *In re Tower Tech, Inc.*, 64 USPQ2d 1314, 1317-18 (TTAB 2002) (holding SMARTTOWER merely descriptive of commercial and industrial cooling towers).

On the basis of this information, your application for SMART WALKIE TALKIE should have been refused registration by the USPTO.


<u>Priority</u>

You also have asserted that you have earlier and continuous use of the phrase "smart walkie talkie" relative to Orion Labs. Our client began using the descriptive phrase "smart walkie talkie" in print to generically describe its ONYX™ products at least as early as September 13, 2016. Moreover, Orion Labs used the term "smart walkie talkie" to generically describe its ONYX™ products in a YouTube video dated July 22, 2016 (**https://www.youtube.com/watch?v=eugHjsksGDc**).

Your application was filed on October 25, 2016 and claims a date of first use in commerce of April 13, 2017. If you have credible evidence or other proof of your use of the phrase "smart walkie talkie" as a service mark prior to July 22, 2016, Orion Labs will be happy to review and consider such evidence to determine whether or not it has any impact on Orion Labs' conclusions regarding the priority issue asserted in your letter. Because our client's use is protected as a fair use, as explained in detail below, the priority issue is likely not relevant in any case.

Mr. Al McZeal
January 18, 2018
Page 3

<u>**Fair Use Defense**</u>

Additionally, even if your alleged trademark rights and asserted registration were to be upheld by the USPTO after a cancellation proceeding, Orion Labs has a defense to any claim of infringement regarding its use of the generic/descriptive phrase "smart walkie talkie" under 15 U.S.C. § 1115(b)(4), which states that a defense exists (essentially allowing "fair use") where a party charged with infringement uses a term otherwise than as a mark and which is descriptive of and used fairly and in good faith only to describe that party's products. Here Orion Labs and others have used the phrase "smart walkie talkie" merely to describe the ONYX™ products sold by Orion Labs. The ONYX™ trademark is clearly used as the trademark for Orion Labs' products and the phrase "smart walkie talkie" is used only to generically describe the technologically-enhanced communication devices sold under the ONYX™ mark.

<u>**No Likelihood of Confusion**</u>

Finally, even if "smart walkie talkie" qualified for service mark protection as you allege and even if Orion Labs decided at a later date to begin using the phrase "smart walkie talkie" as a trademark, such use would not constitute an infringement due to the absence of a likelihood of confusion under the ***<u>DuPont</u>*** factor test established to determine likelihood of confusion issues. Your registration asserts use of the "smart walkie talkie" phrase in connection with various services, including:

> ***Communications services in the nature of providing international networks services, interstellar communications services, and wireless communications services to mobile phones, cellular phones, satellite phones, VSAT terminals, computers, wireless access points, and high speed wireless multi-user access to a global wireless interstellar network, and mobile software portal;***

> ***Telecommunication services, namely, voice over internet protocol telephony services;***

> ***Telecommunication services, namely, international long distance transmission of voice, data, video networks, real time video, pictures, graphics, by means of stelephone, computer, wireless networks, and high speed satellite transmissions;***

> ***Telecommunications services, namely, GPS and global position services and GPS mobile software;***

> ***Telecommunication services, namely, providing satellite telecommunication connections to a computer based distributed network, using the internet, voice over internet protocol, group packet radio service, satellite internet services, and satellite connections for world wide wireless***

Mr. Al McZeal
January 18, 2018
Page 4

We are unclear as to what "interstellar communications services" might be intended to mean, however the other services described in your registration are smart telecommunication services. Under the ***DuPont*** case test factors, the differences between your services and Orion Labs' products are sufficient to support a finding of no likelihood of confusion. Your registration does cover or extend to products and/or other equipment such as smart phones and other communication devices used in connection with your services. Moreover, Orion Labs' sophisticated ONYX™ products and related software are separate and distinct from the services you have identified.

**Summary**

     Based on the foregoing, Orion Labs declines to cease its use of the descriptive, non-trademark phrase "smart walkie talkie" as a descriptive and generic device that fairly describes Orion Labs' ONYX™ products. Moreover, based on the limited information that Orion Labs currently has concerning your use and registration of the phrase "smart walkie talkie," Orion Labs declines to pay for a license to use a phrase which it is entitled to use for the reasons stated above.

     In sum, Orion Labs believes (1) that your alleged service mark is invalid due to its descriptiveness, (2) that your asserted registration was improperly issued by the USPTO (and would be canceled in a USPTO cancellation proceeding against said registration), (3) that Orion Labs' use of the descriptive phrase "smart walkie talkie" is a fair use protected under the defense outlined in 15 U.S.C. § 1115(b)(4), and (4) that any assertion of infringement would not sustain a finding of likelihood of confusion by a court of competent jurisdiction.

     We trust that this addresses all concerns raised in your letter. Thank you.

Very truly yours,

C. Thomas Sylke
Of Counsel

cc: Orion Labs, Inc.

ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT " 4 "

## ORION LAB'S LLC  WEBSITE TRADEMARK INFRINGEMENTS

NO OF PAGES:  12

## Trademark Infringement Profile
## Orion Labs

**Company Information for
Litigation Purpose – If No License**



Jesse Robbins
Founder and CEO



Greg Albrecht
Co-Founder and CTO

**Orion Labs**
https://www.orionlabs.io

208 Utah Street, Suite 350
San Francisco, CA 94103

**Sales**
sales@orionlabs.io
1-866-855-4249

**General Inquiries**
info@orionlabs.io
415-800-2035

**Support**
help@orionlabs.io
1-800-745-6430

**Orion Labs Trademark Info:**
https://trademarks.justia.com/86
7/37/orion-86737849.html

**Company has 19 Total Investors**
https://www.cbinsights.com/com
pany/onbeep-funding



# Drive business at the speed of voice.

**Your customers' demands and employees' needs change quickly. Can your communication tools keep up?**

Our real-time voice solutions keep your company connected with instant voice messaging for groups and individuals at the push of a button.

Onyx smart walkie-talkies combined with Orion Voice Service enable secure push-to-talk communication with one or many across any distance.

Onyx connects with Android phones and iPhones your employees are already using, to deliver push-to-talk anywhere those phones can connect to the internet — on any cellular data or wi-fi network.

The Orion Pro Voice Service adds powerful administrative features, making it easier than ever to drive productivity.

Features of Orion Pro Voice Service include:









# Announcing Orion Labs Translator: Real-Time Wearable Voice Translation

Posted September 6, 2017 by Jesse Robbins

My co-founder Greg & I founded Orion to help people do more together, in real-time, using the power of voice. We knew we were in the very beginning of a once-in-a-decade shift to voice as the new interface, driven by a rapid evolution of voice services and technologies. We believed this shift would require a new category of connected devices and services, just as the shift to mobile required touch-enabled smartphones. This is what we set out to build as the first step in our broader vision.

Last year we released the **award-winning Orion Onyx**, our "smart walkie talkie", which connects to the Orion Platform. We started with a next-generation push-to-talk service for small groups and teams. As this has grown, we released **Orion Pro**, our powerful SaaS-based tool for **larger organizations to securely communicate** and manage their teams using Orion.



## What's included

Each Onyx comes with everything needed to keep it charged and ready to go.

Onyx

Travel pouch

Charging cable

**Buy Onyx**

## Why "smart" walkie-talkies?

Onyx works anywhere your phone connects to the internet, so you stay in touch with your team over any distance.

⑦ Support





Google Play    Search

Categories ∨    Home    Top Charts    New Releases

## Orion: companion app to Onyx

Orion Labs, Inc.    Communication    ★★★★ 25 ☻

Everyone

⚠ You don't have any devices

⬜ Add to Wishlist    **Install**

Stay in touch with your friends, family, and colleagues without missing a beat. Group conversations at the touch of a button, without the distraction of a phone screen, no matter how spread out you are.

To use this free app, you'll need an Onyx smart walkie-talkie. Onyx is currently shipping to the U.S. and Canada. Learn more at www.orionlabs.io. Additionally, you'll need an Android device running Android 5.0 or above with Bluetooth LE.

See list of supported devices at www.orionlabs.io/Android-device-compatibility

Onyx connects with leading Android devices via Bluetooth LE. Your voice messages are sent in real time to other Onyx users over your smartphone's data or Wi-Fi connection, anywhere you have an internet connection.

Use the app to create talk groups for different topics, teams, or events while you're on-the-go. See where your team members are on the in-app map for quicker, easier coordination (location sharing must be enabled for the Orion app). Gone are the days of frantically calling or texting to find out where people are or when they'll arrive.

From coordinating deliveries to organizing events or deciding on a meetup locale while on the slopes, Onyx and the Orion Voice Service keep you and your team productive and efficient.

## REVIEWS

**3.8**

★★★★

☻ 25 total

★ 5    16
★ 4    1
★ 3    0
★ 2    3
★ 1    5









ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT " 6 "

## AMAZON.COM SERVICES, LLC WEBSITE TRADEMARK INFRINGEMENTS

NO OF PAGES: __10__

1/30/2021                        Amazon.com: Orion Labs Onyx Smart Walkie Talkies w/ Unlimited Range - Black (Pair)

Amazon Associates   Get Link:              Native Shopping Ads *(New)*   Share:      Tried the foreign bank direct deposit yet? Lea...   **Earnings**   **Help**
**SiteStripe**      **Text   Image   Text+Image** ⇕   **Custom** ⇕

Deliver to Alfred
Lafayette 70501      All ▾   smart walkie talkie

EXHIBIT #6

Hello, Alf...   Returns      **0**
Account ▾    & Orders

All   Alfred's Amazon.com   Prime Video   Prime ▾   Books   Best Sellers   Customer Service   Buy Again   Browsing History ▾   Today's Deals   Whole Foods

Cell Phones & Accessories   Carrier Phones   Unlocked Phones   Alexa Built-in Phones   Accessories   Cases   Wearable Technology   Best Sellers   Deals   Trade-In

5,280

‹ Back to results                                                                            Sponsored

**Orion Labs Onyx**
**Talkies w/ Unlim**
**ir)**

d: Orion Labs
51 rating

: **$199.00**      &

● ●   ● Searching

Color: **Black**

[ $199.00 ]      [ ]
[ $199.00 ]

| Brand | Orion Labs |
|---|---|
| Color | Black |
| Item Dimensions LxWxH | 2 x 2 x 2 inches |
| Item Weight | 8.96 Ounces |

**About this item**

- Onyx is similar to a walkie-talkie, but with unlimited range
- Keep in touch without distractions: Onyx is perfect for work, recreation, and family/group travel
- Talk anywhere: Onyx pairs to your android or iOS smartphone, and its battery lasts all day
- Works with fits so you can set up your own voice notifications and automations with tools you use
- Wear anywhere: Super lightweight and clips easily to your shirt, bag strap, lanyard and more

Report incorrect product information.

Click image to open expanded view

**Add a Protection Plan:**
☐ 3-Year Protection **for** $21.99
☐ 2-Year Protection **for** $15.99

☐ Add a gift receipt for easy returns

Deliver to Alfred - Lafayette 70501

[ Add to List ]

Share

**Have one to sell?**

[ Sell on Amazon ]

492

Sponsored

179

**Products related to this item**
Sponsored ⓘ                                                                              Sponsored







**Retevis RT29 2 Way Radios Long Range,High Power Heavy Duty Two Way Radios,Rugged Wa...**
105
**$299.99**

**Pocketalk Two-Way Voice Translator with Built-in Data and Camera [New Model S]- Black**
76
**$299.00**

**SAMCOM 5 Watts Two Way Radio Long Range Handheld UHF Business Ham Radio for Adult P...**
356
**$298.90**

**Radtel RT-480 5 Watt 256CH IP67 Long Range Dual Band Waterproof Walkie Talkie 136-1...**
9
**$69.99**

B
T
D
T
$

## 4 stars and above
Sponsored ⓘ








**Bond Touch - Bracelets That Bring Long-Distance Lovers Closer Than Ever**
8,692
**$98.00**

**SAMCOM 5 Watts Two Way Radio Long Range Handheld UHF Business Ham Radio for Adult P...**
356
**$298.90**

**Case of 6,Retevis RT21 Walkie Talkies for Adults,Two Way Radios Long Range Recharge...**
176
**$121.99**

**Retevis RT27 Walkie Talkies Long Range,Rechargeable 2 Way Radios, Business...**
78
**$162.99**

**BAOFENG BF-88ST FRS Radio Long Range Two Way Radio, Upgrade Version of BF-888S...**
73
**$43.99**

**FRS Walkie Talk FM, Wearable & Rechargeable W Talkies for Kids,**
1,
**$36.99**

## More to consider from our brands

## Special offers and product promotions

- **Amazon Business** : For business-only pricing, quantity discounts and FREE Shipping. **Register a free business account**

## Have a question?

Find answers in product info, Q&As, reviews

Type your question or keyword

## Product description

Product Description

Experience faster easier communication. Onyx combines the simplicity of walkie talkies with the power of your data-enabled smartphone to deliver effortless, instant communication across any distance. Talk to as many people as you want at the same time with the simple touch of a button. Onyx is a sleek, lightweight communication device that helps you talk with your favorite people (who have Onyx) while leaving your phone in your pocket or bag. Simply pair Onyx with your phone, import your contacts to our free app, invite them to a group, and press and hold Onyx to talk. No limits on channels or distance, as long as everyone using it has internet access via their phone.

From the Manufacturer





### Easy group communication without distractions

Stay in touch with your friends, family and colleagues without missing a beat. Eliminate frustrations of trying to reach multiple people through phone calls or urgent texts. Onyx provides group conversations at the touch of a button, without the distraction of a phone screen, no matter how spread out you are. Keeping in touch across any distance is simpler and quicker with Onyx and the Orion Labs app.



### Instant voice across any distance

If you've used walkie talkies, you've probably experienced some frustrations: limited range and limited channels. Onyx works across any distance, as long as everyone using it has internet access via their phone. The Orion Labs app allows you to create as many groups as you want, with as many people as you want. Give the groups descriptive names (Cycling Group, Family Reunion, Wedding Party, etc.) instead of having to memorize channel numbers.



**Speak and Be Heard**

Onyx delivers high quality sound with a full-range speaker and dual microphones. Speak into your Onyx, and your voice comes out of your friends' Onyx.



**Easy to Wear**

Onyx is a wearable accessory and easily clips on; wear it on your shirt, bag strap or necklace, where it can pick up your voice when you're talking.



**Need Privacy? No Problem**

The headphone jack means you can plug in your headphones (not included) when you want to have private conversations. Easily set Onyx to silent mode (twist the face) when you don't want to be disturbed.



## What You Need to Know

In the Box: 2 Onyx devices, 2 micro-usb charging cables, 2 travel pouches, and a gift box so you can share with a friend. Each Onyx comes with: dual microphones, speaker, volume control, headphone port (3.5mm), rechargeable lithium-polymer battery, 5 LED status indicator lights, stainless steel clip, and dust-tight, gloss finish thermoplastic face and body. Phone compatibility: iPhone 4s and up (must be running iOS9 and above), iPod touch 5/6 (must be running iOS8 and above), leading Android smartphones running 4.4 (KitKat) and up.

# About the Startup

 

**Jesse Robbins**
CEO, Founder

**Greg Albrecht**
CTO, Founder

### Describe your product in 3 words.

Instant voice communication

### How did you come up with the idea for this product?

Being volunteer firefighters and EMTs, we felt there was a better way to communicate than walkie talkies and walkie talkie apps. We created Onyx to make an easier way to talk to people with the same immediacy as a walkie talkie, but in a form factor and new experience people would be excited to use, and limited only by the limits of the internet.

### What makes your product special?

Onyx is the first wearable of its kind, putting the power of voice communication at your fingertips in a small, stylish device. With Onyx and the Orion app, we've combined wearables + messaging + voice services into the revolutionary new way to communicate and coordinate with your favorite people while staying mindful and in the moment.

### What has been the best part of your startup experience?

We love seeing people discover new and inventive ways to use Onyx to keep in touch and have fun while doing it. It's that ah-ha moment where people see the power of voice and see how Onyx makes communicating so much easier, especially when you would rather be focusing on the people and things going on around you, instead of getting buried in your phone screen.

## Product information

**Color:Black**

| Product Dimensions | 2 x 2 x 2 inches | **Warranty & Support** |
| --- | --- | --- |
| Item Weight | 9 ounces | **Product Warranty:** For warranty information about this product, please click here |

1/30/2021                    Am      .com: Orion Labs Onyx Smart Walkie Talkies w/ Unlim     Range - Black (Pair)

| | | **Feedback** |
|---|---|---|
| ASIN | B01G239N06 | |
| Item model number | ONX-002-03-2 | Would you like to tell us about a lower price? |
| Batteries | 1 Lithium ion batteries required. (included) | |
| Customer Reviews | 51 ratings<br>3.4 out of 5 stars | |
| Is Discontinued By Manufacturer | No | |
| Other display features | Wireless | |
| Colour | Black | |
| Manufacturer | Orion Labs | |
| Date First Available | June 29, 2016 | |

## Videos

### Videos for this product

0:38

Orion Labs Onyx Smart Walkie
Talkies

Impressive Things

Upload your video

## Products related to this item

Sponsored ⓘ

     

| Pocketalk Two-Way Voice Translator with Built-in Data and Camera [New Model S]- White | SAMCOM 5 Watts Two Way Radio Long Range Handheld UHF Business Ham Radio for Adult P... | BJDesign Futon Mattress Queen Bedding - Traditional Japanese Sleeping Mat - Shikibu... | Langogo Genesis 2-in-1 AI Translator Device and Voice Recorder Transcriber, 100+ La... | Luxton Home Japanese Shiki Futon Foldable Mattress for Sleep & Travel - Queen Long | Hidden Camera & Anti Spy Dete Detector, Bug D Listening Dev... |
|---|---|---|---|---|---|
| 76 | 356 | 64 | 203 | 649 | 97 |
| $299.00 | $298.90 | $237.00 | $249.00 | $199.95 | $78.90 |

492

Sponsored

## Customer Questions & Answers

See questions and answers

## Customer reviews

### 3.4 out of 5

51 global ratings

| | | |
|---|---|---|
| 5 star | | 43% |
| 4 star | | 9% |
| 3 star | | 19% |
| 2 star | | 7% |
| 1 star | | 22% |

How are ratings calculated?

## Customer images



See all customer images

Top reviews

## Top reviews from the United States

Evan Platt

**These are NOT unlimited range walkie talkies.**

Reviewed in the United States on September 23, 2018

Color: Black

They aren't unlimited range walkie talkies. Nor are they aren't unlimited range. Nor are they walkie talkies. They are basically headsets that connect to an app on your smart phone that allow you to chat via that app. There's already plenty of free apps that do this - ie Zello. All this does is provide a fancy "Push to talk" device. If you have no service, ie at the Grand Canyon, on a cruise ship, etc, these are useless. Are they 'unlimited range'? If you both have cellular service, yes. Are they walkie talkies? No. Walkie talkies operate without needing a cell phone or cell service.

181 people found this helpful

| Helpful | Report abuse |
|---|---|



906

Shop now

Sponsored

Perdie

**Bad customer service, Bad product, and sent a previously returned item**

Reviewed in the United States on February 27, 2017

Color: Iridescent Cobalt    Verified Purchase

I ordered a set of these, one of them wouldn't work. I contacted help, they weren't much help, they first linked me to the help page on the web site...after two more emails with no help, I sent a video of how it was not working, because I got tired of answering the same questions. I finally got a response after 10 days, saying I could return it for replacement. I returned it and ordered another set. When the new set came you could tell it was a set that it had been opened and returned...it wasn't packed right, the Onyx's were in the "gift box", not clipped to the display box where they were supposed to be (can tell they had been there and taken off)...and the box part was on top, and not underneath where it should have been. And big surprise, these did not work either, they would connect to the phone, but then randomly disconnect, and sometimes you would push to talk, and nothing would go to the other one (yes it beeped, and the lights were green)...and sometimes you would push to talk, and nothing, other times you push to talk and it just beeps and beeps and beeps.....I'm really dissapointed, I so wanted these to work.

184 people found this helpful

| Helpful |   Report abuse

Mark Wichman

**Constantly losing connection and very poor customer service**
Reviewed in the United States on January 31, 2017
Color: Iridescent Cobalt   Verified Purchase
**They do not work. Constantly losing connection and very poor customer service.**

31 people found this helpful

| Helpful |   Report abuse

Victoria Garcia

**... these on a weekend trip to the amusement park- great to get ahold of family members while on rides ...**
Reviewed in the United States on January 13, 2018
Color: Black   Verified Purchase

Used these on a weekend trip to the amusement park- great to get ahold of family members while on rides when we cant grab our phones- and the kids cant ignore the calls! :)

6 people found this helpful

| Helpful |   Report abuse

Amazon Customer

**One Star**
Reviewed in the United States on December 22, 2016
Color: Iridescent Cobalt   Verified Purchase
**Can't get it to work. Could not get hold of support.**

58 people found this helpful

| Helpful |   Report abuse

Josette

**Free app works better**
Reviewed in the United States on September 30, 2018
Color: Iridescent Cobalt

Get the Voxer app. It's free and it really is unlimited range. You can use it even when you are thousands of miles away from the other person. Plus you have to connect this thing to your phone anyways. Kinda pointless. Waste of a lot of money

35 people found this helpful

| Helpful |   Report abuse

Wendy Abbo

**One Star**
Reviewed in the United States on February 11, 2017
Color: Silver   Verified Purchase
**Great product description but doesn't work**

41 people found this helpful

| Helpful |   Report abuse

Owen

**Looks great on a suit!**
Reviewed in the United States on September 12, 2016
Color: Black   Verified Purchase

Onyx is an essential business communication tool. My company has been relying on Orion devices since they were first available. I can be meeting with a client in NYC and instantly communicate with my partner

1/30/2021                    Amazon.com: Orion Labs Onyx Smart Walkie Talkies w/ Unlimited Range - Black (Pair)

in Phoenix simply by tapping the device. It is actually quite astonishing to communicate with my work group 2500 miles away, request a file or information and have the office provide the requested item within seconds, all without touching my phone, breaking eye contact or disrupting the flow of conversation. Onyx allows you to use your voice to create a shared space to accomplish a task….instantly. Plus, it looks great on a suit.

22 people found this helpful

Helpful    Report abuse

See all reviews ›

**Customers also bought these products**

172        Shop now

Sponsored

Pages with related products. See and discover other items: radio straps, onyx gifts, Best long range walkie talkies for work

Back to top

**Get to Know Us**
Careers
Blog
About Amazon
Press Center
Investor Relations
Amazon Devices
Amazon Tours

**Make Money with Us**
Sell products on Amazon
Sell apps on Amazon
Become an Affiliate
Advertise Your Products
Self-Publish with Us
Host an Amazon Hub
› See More Make Money with Us

**Amazon Payment Products**
Amazon Rewards Visa Signature Cards
Amazon.com Store Card
Amazon Business Card
Amazon Business Line of Credit
Shop with Points
Credit Card Marketplace
Reload Your Balance
Amazon Currency Converter

**Let Us Help You**
Amazon and COVID-19
Your Account
Your Orders
Shipping Rates & Policies
Amazon Prime
Returns & Replacements
Manage Your Content and Devices
Amazon Assistant
Help

English        United States

Amazon Music
Stream millions
of songs

Amazon
Advertising
Find, attract, and
engage customers

Amazon Drive
Cloud storage
from Amazon

6pm
Score deals
on fashion
brands

AbeBooks
Books, art
& collectibles

ACX
Audiobook
Publishing
Made Easy

Alexa
Actionable
Analytics
for the Web

Sell on Amazon
Start a Selling
Account

Amazon
Business
Everything For
Your Business

Amazon Fresh
Groceries & More
Right To Your Door

AmazonGlobal
Ship Orders
Internationally

Home Services
Experienced Pros
Happiness Guarantee

Amazon Ignite
Sell your original
Digital Educational
Resources

Amazon
Rapids
Fun stories for
kids on the go

Amazon Web
Services
Scalable Cloud
Computing
Services

Audible
Listen to Books &
Original
Audio
Performances

Book Depository
Books With Free
Delivery Worldwide

Box Office
Mojo
Find Movie
Box Office Data

ComiXology
Thousands of
Digital Comics

DPReview
Digital
Photography

East Dane
Designer Men's
Fashion

1/30/2021                                Amazon.com: Orion Labs Onyx Smart Walkie Talkies w/ Unlimited Range - Black (Pair)

| Fabric Sewing, Quilting & Knitting | Goodreads Book reviews & recommendations | IMDb Movies, TV & Celebrities | IMDbPro Get Info Entertainment Professionals Need | Kindle Direct Publishing Indie Digital & Print Publishing Made Easy | Amazon Photos Unlimited Photo Storage Free With Prime | Prime Video Direct Video Distribution Made Easy |
| Shopbop Designer Fashion Brands | Amazon Warehouse Great Deals on Quality Used Products | Whole Foods Market America's Healthiest Grocery Store | Woot! Deals and Shenanigans | Zappos Shoes & Clothing | Ring Smart Home Security Systems | eero WiFi Stream 4K Video in Every Room |
| | Neighbors App Real-Time Crime & Safety Alerts | Amazon Subscription Boxes Top subscription boxes – right to your door | PillPack Pharmacy Simplified | Amazon Renewed Like-new products you can trust | Amazon Second Chance Pass it on, trade it in, give it a second life | |

Conditions of Use   Privacy Notice   Interest-Based Ads   © 1996-2021, Amazon.com, Inc. or its affiliates

ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT " 7 "

## BEST BUY, INC.  WEBSITE TRADEMARK INFRINGEMENTS

NO OF PAGES:  1

# EXHIBIT #7



ALFRED MCZEAL JR. VS. AMAZON.com SERVICES, et al

# EXHIBIT " F "

## EXHIBIT "F" COMPLAINT FOR FRAUD

NO OF PAGES: __12__

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie  **VS** ORION LABS, LLC.          *Case Number:*

# EXHIBIT " F "

## COMPLAINT FOR FRAUD

## COUNTERFIET "SMART WALKIE TALKIE" TRADEMARK & FRAUD LETTER OF JANUARY 18, 2018

---

### ASSERTED AGAINST:

ORION LABS, LLC.

i

NOTICE PLEADING: Rule 9(b) of the Federal Rules of Civil Procedure requires that the facts constituting the fraud be pled with specificity, as conclusion allegations are insufficient. FED. R. CIV. PROC. 9(b) (See Moore v. Kayporrt Package Exp. Inc, 885 F. 2d 533,540 (9th Cir. 1989) (" A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting the fraud so that the defendant can prepare an adequate answer to the allegations. A statement of time, place, and nature of the alleged fraudulent activities are sufficient. (Walling v.Beverly Enters, 476 F. 2d. 393,397, (9th Cir. 1973) concluding time, place and nature of fraud meets Rule 9(b) requirements.

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS ORION LABS, LLC.**                    *Case Number:*

| | |
|---|---|
| ALFRED MCZEAL, JR. | **Page 1 of 12** |
| 832-623-4418 | |

# EXHIBIT "F"

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie §     Case No. _____

**Plaintiff**

§

vs     # COMPLAINT FOR FRAUD

ORION LABS, LLC.     §     **ATTACHMENT TO:**

AMAZON.COM SERVICES LLC     §     ☑ Complaint   ☐ Cross-Complaint

BEST BUY CO, Inc     §

JESSE ROBBINS,     §     RULE 9(b) F.R.C.P

SETTER ROCHE, LLP     §     **ASSERTED AGAINST:**

THOMAS SYLKE     §     ORION LABS, LLC.

**Defendant(s)**     §

§

---

**NATURE OF THE FRAUD:**

## COUNTERFEIT "SMART WALKIE TALKIE" TRADEMARK & FRAUD LETTER OF JANUARY 18, 2018

---

### I. INTRODUCTION: NATURE OF THE SCHEME - STATEMENT OF FACTS

A COUNTERFIET TRADMARK "SMART WALKIE TALKIE"

This is a complaint for fraud and negligent misrepresentation by Plaintiff Alfred McZeal, Jr., and against Orion Labs, LLC. ("Orion"). Orion and the other named defendants uses a counterfeit trademark called "SMART WALKIE TALKIE" which is used in the stream of commerce intending to deceive, or otherwise confuse the public on the use and status of the federally protected and registered trademark owned by plaintiff, namely, U.S REGISTRATION NO. 5303249' Registration Date : October 3, 2017 and registed on the PRINCIPAL REGISTER. In a conspiracy to deprive plaintiff of the mark, defendants uses a counterfiet mark "SMART WALKIE TALKIE" which causes undue confusion of plaintiff services with defendants and results in FRAUD.

**CONTENT OF THE FALSE REPRESENTATION**
*SMART WALKIE TALKIE counterfiet*

---

The content of the false representation is that defendants own the Registered Mark "Smart Walkie Talkie and has the authority to use such but in fact they do not. Additional false content is that defendants have fair use to use the mark in commerce without permission or a license from the owner of the mark.

**FRAUD CLAIM**                                    *Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS ORION LABS, LLC.**          *Case Number:*

| | | |
|---|---|---|
| | **TABLE OF CONTENTS:** | **Page 2 of 12** |

I. **Introduction**: Nature of the Scheme & Content of The False Representation...........1
A COUNTERFIET TRADMARK "SMART WALKIE TALKIE"

II. The *Date* and *Time* of the Occurrences.................................................2
The dates and time began on 1-18-2018, and the fraud continue to this very day as of January 31, 2021.

III. **Identity Of The Misrepresentations** Made ...............................................3
    1. 'SMART WALKIE TALKIE" couterfiet mark used in Commerce since 1-18-2018 ..........3
    2. "DESCRIPTIVE PHARSE" SCAM asserted by ORION on 1-18-2018 ..........3
    3. USPTO ISSUE IN ERROR SCAM asserted by ORION on 1-18-2018 ..........3
    4. THE "PRIORITY" SCAM asserted by ORION on 1-18-2018 ..........3
    5. THE "NO LIKELIHOOD OF CONFUSION SCAM" on 1-18-2018 ..........3
    6. THE "NON TRADEMARK SMART WALKIE TALKIE" PHRASE SCAM 1-18-2018 ..........3
    7. THE ORION WEBSITE, PACKAGE MARKING, AND MANUALS WITH SMART WALKIE TALKIE".....3

IV. The **Who, What, When, Where, And How** The Misrepresentations Were Made.....4
ORION LABS, LLC., TRADEMARK INFRINGEMENT, 1-19-2018 TO PRESENT, RETAIL OPERATIONS NATIONWIDE, AMAZON, BESTBUY, AND MADE VIA ONLINE ADVERTISINGS AND WEBSITES.

V. **To Whom The Misrepresentations Were Made** and The Means The Representation was Tendered.................................................5
ALFRED MCZEAL, JR. dba Smart Walkiet Talkie, to the general public, to customers of ORIONS, Customers of AMAZON, Customers of Best Buy, Inc.

VI. **Name of the Person(s)** Making the Misrepresentation...............................6
ORION LABS, LLC,. AMAZON.COM SERVICES LLC, BEST BUY CO, Inc, JESSE ROBBINS THOMAS SYLKE, SETTER ROCHE, LLP. DOES 1 THRU 10,000

VII. **To Who The Representation Was Made & Their Authority to Speak**.................7
THE REPRESENTATION WAS MADE TO PLAINTIFF, AND PLAINTIFF AUTHORITY TO SPEAK IS BASED ON OWNERSHIP OF THE TRADEMARK.

VIII. *To Whom They Spoke*.................................................8
THE SPOKE THE FRAUD TO PLAINTIFF, THE GENERAL PUBLIC AND TO ORION LABS, LLC., AMAZON.COM SERVICES LLC, BEST BUY CO, Inc, INC JESSE ROBBINS THOMAS SYLKE, SETTER ROCHE, LLP. DOES 1 THRU 10,000

IX. **What They Said or Wrote** When Each Misrepresentation was Made or Written ....9
DEFENDANTS GENERALLY WROTE THAT THE USPTO MADE A MISTAKE ON ISSUANCE OF THE TRADEMARK, AND THEY HAVE THE RIGHT TO USE THE MARK OVER PLAINTIFF BUT BASED UPON FRAUDULENT EXCEPTIONS EVEN IN LIGHT SUCH EXCEPTION WERE NOT TIMELY RAISED IN THE PATENT AND TRADEMARK OFFICE.

X. ***Defendants had Knowledge of the Falsity*** and had full **Intent** to Defraud (***"Scienter"***) and to *induce reliance*.................................................10
ORION, and the other Defendants had full knowledge of the falsity and had full intent to defraud plaintiff with the Counterfiet Mark and false and fraudulent reliance.

XI. *Resulting Damage*: Severe Damages Resulted From *The Fraud*.........................11
The resulting damages were in excess of Milliions of Dollars in Sales, loss of Licensing Fees, slander of the trade mark, trademark dress, and Loss of Exclusive Use of the Mark.

XII. *Causation*: Defendant Conduct Was A Substantial Factor Which Caused The Harm.................................................12
The proximate causes was defendant's fraudulent conduct as set forth herein along with defendants reckless disregard for the U.S. Lanham Act, whereas defendants illegal conduct was the definite leading factor which caused the harm the infringment activities.

**TABLE OF CONTENTS**

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie  VS  ORION LABS, LLC.          *Case Number:*

## STATEMENT OF FACTS                                        Page 3 of 12

## II. DATES AND TIMES OF THE OCCURRENCES

The dates and time began on 1-18-2018, and  the fraud continue to this very day as of January 31, 2021.

Plaintiff asserts that the fraud began on or about 1-18-2018 and is successive to this date as the fraud has never ceased by defedants.

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie  **VS  ORION LABS, LLC.**               *Case Number:*

**Page 4 of 12**

1                              **STATEMENT OF FACTS**

2                    **III.   IDENTITY OF THE MISREPRESENTATIONS MADE**

3      3.1     The Identity of the Misrepresentation includes but is not limited to all of the

4      following Misrepresentations:

5      **1.  'SMART WALKIE TALKIE" couterfiet mark used in Commerce since 1-18-2018**

6
       Defendants used the counterfiet mark "SMART WALKIE TALKIE" on packaging,
7      instruction manuals, web pages, and general marketing of its product

8      **2. "DESCRIPTIVE PHARSE" SCAM asserted by ORION on 1-18-2018**

9
          Defendants fraudulent assetred a false scam defense that plaintiff indisputable exclusive
10     trademark was descriptive, when in fact plaintiff mark appears on the PRINCIPAL REGISTER

11     endowed with all of the substantial exclusive rights, which rules out descriptive phrase.

12     **3. USPTO ISSUE IN ERROR SCAM asserted by ORION on 1-18-2018**

13     Defendant fraudulent asserted a false and fraudulent defense in USPTO errror when in

14     fact failed to dispute any fact during or after the adjudication of the mark with the

       USPTO.  Defendant "issued in error" is a scam on the USPTO, plaintiff and the public.
15
       **4. THE "PRIORITY" SCAM asserted by ORION on 1-18-2018**
16
          Defendant fraudulently wrote that plaintiff lacked priority in light of the mark being
17     assigned on the PRINCIPAL REGISTER of the USPTO.  It is alleged that the "Priority"

18     Scam was made for purposes of Theft and Misrepresentation of the Status of the Mark.

       **5. THE "NO LIKELIHOOD OF CONFUSION SCAM" on 1-18-2018**
19
       Defendant fraudulently wrote that THERE IS NOT LIKELIHOOD OF CONFUSION in
20     light defendants using the same exact mark as plaintiff.  It is alleged that the "No

21     Likelihood of Confusion" Scam was made for purposes of Theft.

22     **6. THE "NON TRADEMARK SMART WALKIE TALKIE"  PHRASE SCAM 1-18-2018**

23     Defendant fraudulently wrote that there is a "non trademark smark walkie talkie Phrase is a non

24     trademark even in light of the existence of the Registered Trademark that defendants were made aware
       of, and were aware of.  It is alleged that the "Non Trademark" Scam was made for purposes of Theft.
25
       **7. THE ORION WEBSITE, PACKAGE MARKING, AND MANUALS WITH SMART WALKIE TALKIE"**
26
       Defendant fraudulently uses the mark 'SMART WALKIE TALKIE" on all of its packaging,
27     manuals and even its website and countless web pages on defendants website.  It is

28     alleged that the uses complained of here and is confusingly simlar to plaintiff mark.

                                                                    *Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie  **VS  ORION LABS, LLC.**          *Case Number:*

| | | |
|---|---|---|
| 1 | **STATEMENT OF FACTS** | **Page 5 of 12** |

**IV.  THE WHO, WHAT, WHEN, WHERE, & HOW THE REPRESENTATIONS WERE MADE**

**4.1** The details of the Who, What, Where, When, and How the representations were

made are as follows: BEST BUY CO, Inc

**4.2  WHO:  (WHO'S INVOLVED)**

AMAZON.COM SERVICES LLC                    BEST BUY CO, Inc

Orion Labs, Inc.                                          SETTER ROCHE, LLP

JESSE ROBBINS,

THOMAS SYLKE

**4.3  WHAT: (What Misrepresentations they Committed)**

1. 'SMART WALKIE TALKIE" couterfiet mark used in Commerce since 1-18-2018

2. "DESCRIPTIVE PHARSE" SCAM asserted by ORION on 1-18-2018

3. USPTO ISSUE IN ERROR SCAM asserted by ORION on 1-18-2018

4. THE "PRIORITY" SCAM asserted by ORION on 1-18-2018

5. THE "NO LIKELIHOOD OF CONFUSION SCAM" on 1-18-2018

6.  THE "NON TRADEMARK SMART WALKIE TALKIE"  PHRASE SCAM 1-18-2018

7. THE ORION WEBSITE, PACKAGE MARKING, AND MANUALS WITH SMART WALKIE TALKIE"

**4.4  WHEN:  (When Exactly The Events Occurred)**

The dates and time began on 1-18-2018, and  the fraud continue to this very day as of January 31, 2021.

The infringing events continue to harm plaintiff in commerce because much of the advertising

appears on Amazon.

**4.5  WHERE:**

ORION LABS, LLC., TRADEMARK INFRINGEMENT, 1-19-2018 TO PRESENT, RETAIL

OPERATIONS NATIONWIDE, AMAZON, BESTBUY, AND MADE VIA ONLINE ADVERTISINGS AND WEBSITES.

**4.6  HOW: "False Manufacturer & Recordation of False Instruments**

4.7    Through deceptive, and fraudulent acts defendants recorded one or more

fraudulent instruments a series of misrepresentation which embellishes the fraud.

*4.8  Through Internet Marketing via defenfendants international websites and recording*

*and Registering Smart Walkie Talkie with major Search Engines like Google.*

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie  **VS** ORION LABS, LLC.                     *Case Number:*

| | |
|---|---|
| 1 | **STATEMENT OF FACTS** |

## V.  TO WHOM THE MISREPRESENTATIONS WERE MADE AND THE MEANS THE REPRESENTATION WAS TENDERED

### 5.1  TO WHOM THE MISREPRESENTATION WERE MADE:

The misrepresentations were made to all of the following non-exclusive individuals and entities: ALFRED MCZEAL, JR. dba Smart Walkiet Talkie, to the general public, to customers of ORIONS, Customers of AMAZON, Customers of Best Buy, Inc.

Additonally, the misrepresentations are made to defendants own business partners and the general public who is consuming the product and trademark worldwide.

### 5.2 THE MEANS THE REPRESENTATION WAS TENDERED:

The Means The Representation was tendered was in multiple non-exclusive ways as follows"

1. Distributed via Defendants Product Literature such as manuals.

2. Distributed Via Defendants Websites and Webpages which are one of the mostly highly infringing methods of tedering.

3. Distributed through Defendants major distrubutors including but not limtied to:

   a. Amazon

   b. Best Buy, Inc.

   c.  Direct Advertising,

   d.  Google Advertising,

   e.  Directly Word of Mouth To employees, boad Members and the General Public.

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS** ORION LABS, LLC.   *Case Number:*

1

## STATEMENT OF FACTS

2

3

## VI.  NAME OF THE PERSONS MAKING THE FALSE REPRESENTATION:

4   It is alleged that one or more or all of the defendants made the false

5   representations and the names and identity of the persons or entities making the

6   false representations are as follows:

7   ORION LABS, LLC., and,

8

9   AMAZON.COM SERVICES LLC, and,

10

11   BEST BUY CO, Inc, and,

12   JESSE ROBBINS, and,

13   THOMAS SYLKE, and,

14

15   SETTER ROCHE, LLP, and

16

17   DOES 1 THRU 10,000

18

19

20

21      It is further alleged herein that defendants employees (past and present) have

22   made the misrepresentations.

23

24

25

26

27

28

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS** ORION LABS, LLC.        *Case Number:*

Page 8 of 12

## STATEMENT OF FACTS

### VII.  TO WHO THE REPRESENTATION WAS MADE AND THEIR AUTHORITY TO SPEAK

THE REPRESENTATION WAS MADE TO PLAINTIFF, AND PLAINTIFF AUTHORITY TO SPEAK IS BASED ON OWNERSHIP OF THE TRADEMARK.

The representations were also made to USPTO and the authority of this governmental agency to speak is that it is the sole administor of issuing Patents and Trademark in the United States.

The representations were also made to the State of California Trademark Authority who has the exclusive governmental authority to speak in htat it is the sole administrator of issuing trademarks in the state of California.

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS ORION LABS, LLC.**   *Case Number:*

1
## STATEMENT OF FACTS

2

3
## VIII.  TO WHOM THEY SPOKE

4
8.1     The false representation was spoken to several persons and entities which

5
includes but is not limited to the following individuals and/or entities:

6
THEY SPOKE THE FRAUD TO PLAINTIFF, THE GENERAL PUBLIC AND TO

7
ORION LABS, LLC., AMAZON.COM SERVICES LLC, BEST BUY CO, Inc,

8
JESSE ROBBINS, THOMAS SYLKE, SETTER ROCHE, LLP. AND DOES 1

9
THRU 10,000

10
Additionally, to the general public, they spoke the fraud to each of the employees

11
and agents, including employees of all of the above defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS** ORION LABS, LLC.          *Case Number:*

**STATEMENT OF FACTS**                                      Page 10 of 12

## IX.  WHAT THEY SAID OR WROTE WHEN EACH REPRESENTATION WAS MADE:

DEFENDANTS GENERALLY WROTE THAT THE USPTO MADE A MISTAKE ON ISSUANCE OF THE TRADEMARK, AND THEY HAVE THE RIGHT TO USE THE MARK OVER PLAINTIFF BUT BASED UPON FRAUDULENT EXCEPTIONS EVEN IN LIGHT SUCH EXCEPTION WERE NOT TIMELY RAISED IN THE PATENT AND TRADEMARK OFFICE.

**1. 'SMART WALKIE TALKIE" couterfiet mark used in Commerce since 1-18-2018**

Defendant ORION wrote, through its attorney of record that they had the right to use a counterfied mark Smark Walkie Talkie over plaintiff's exclusive trademark rights issued by the United States Patent and Trademark office.

**2. "DESCRIPTIVE PHARSE" SCAM asserted by ORION on 1-18-2018**

Defendant ORION wrote throgh its attorney of Record, that plaintiff's Federally protected Smark Walkie Talkie Trademark was merely a descriptive phrase which gave it right to violate plaintiff federally registered trademarks righs.

**3. USPTO ISSUE IN ERROR SCAM asserted by ORION on 1-18-2018**

Defendant ORION wrote throgh its attorney of Record, that the USPTO issued the trademark in error, which in fact was a material misrepresenation especially in light of it failed to dispute the the USPTO finds during the normal dispute period before issuances of the Tradmark to the principal register.

**4. THE "PRIORITY" SCAM asserted by ORION on 1-18-2018**

Defendants ORION negligently and fraudulent wrote that the priority status of and U.S. trademak on the PRINCIPAL REGISTER was in dispute when in knew or should have know that priority status is undisputed when a mark is issued on the Principal Register of the USPTO Trademark Register.

**5. THE "NO LIKELIHOOD OF CONFUSION SCAM" on 1-18-2018**

Defendant ORION negligencly and frauduletly wrote throgh its attorney of Record, there was no likelihood of confusion in the mark, when it knew that it was using the same mark as plaintiff, and whereas the purported defense was a material misrepresentation.

**6. THE "NON TRADEMARK SMART WALKIE TALKIE" PHRASE SCAM 1-18-2018**

Defendant ORION wrote throgh its attorney of Record, that the USPTO issued the trademark had no status as a trademark, even though as a matter of fact, defendants had already acknowledge plaintiff's mark as being on the Principal Register of the United States patent and Trademark office.

**7. THE ORION WEBSITE, PACKAGE MARKING, AND MANUALS WITH SMART WALKIE TALKIE"**

Defendant ORION wrote on all of its packaging, markings, manuals, web pages  and advised plaintiff that they had perfect right to infringe based on first use, and fair use, and other fraudulent methods which have no basis in fact or law.

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS ORION LABS, LLC.**     *Case Number:*

| | |
|---|---|
| 1 | **STATEMENT OF FACTS**     Page 11 of 12 |

**X.** Defendants had Knowledge of the Falsity and had full **Intent** to Defraud (***"Scienter"***) and to induce reliance

ORION, and the other Defendants had full knowledge of the falsity and had full intent to

defraud plaintiff with the Counterfiet Mark and false and fraudulent exceptions raised.


    Futher defendants ORION had full knowlege of the falsities based on is letter to

plaintiff that it would continue to infringe the mark.




**TO INDUCE RELIANCE**

    In order to induce reliance on the fraud, defedants and their attorney submitted

various moot, purported defense and reasons to use the mark in order to induce

plaintiff into believing that they were not infringing, but which in fact they were.

    Plaintiff relied on these frivilous and fraudulent inducemnets which has caused

plaintiff great financial losses and stress.

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS** ORION LABS, LLC.                    *Case Number:*

## STATEMENT OF FACTS                                   Page **12** of 12

### XI.  *Resulting Damage*:  Severe Damages Resulted From The Fraud

The resulting damages were in excess of Milliions of Dollars in Sales, loss of Licensing Fees, slander of the trade mark, trademark dress, and Loss of Exclusive Use of the Mark.

#### STATEMENT OF DAMAGES AGAINST:

11.1  As a direct and proximate result of the fraud complained of herein, plaintiff(s) has experienced substantial financial losses, and other damages which are recoverable for defendant's deceit, misconduct and fraudulent acts.

11.2   The Description of the Losses and/or damages include, but not limited to all of the following:

AMOUNT:

| DESCRIPTION OF LOSS / DAMAGE | |
|---|---|
| Infringement FRAUD of the Trademark "Smart Walkie Talkie" | $7,000,000.00 |
| Negligent Misrepresentation of use of "Smart Walkie Talkie" | $7,000,000.00 |
| Licensing Fees Owed | $12,000,000.00 |
| Current Licensing Fees Owed | $7,000,000.00 |

TOTAL:  **$33,000,000.00**

*Cause of Action - Fraud*

ALFRED MCZEAL, JR. dba Smart Walkiet Talkie **VS ORION LABS, LLC.**

*Case Number:*

**STATEMENT OF FACTS**

Page 13 of 13

## XII. Causation: Defendant's Conduct Was A Substantial Factor Which Caused The Harm

11.1 As a direct and proximate result of the fraud complained of herein, plaintiff(s) has experienced substantial financial losses, and other damages which are recoverable for defendant's deceit, misconduct and fraudulent acts.

COUNTERFIET "SMART WALKIE TALKIE" TRADEMARK & FRAUD LETTER OF JANUARY 18, 2018

11.2 It is specially alleged that defendants sole fraudulent conduct as described in Exhibit "F" herein, and in the master complaint was indeed to sole reason for the harm caused and monies lost.

Respectfully Submitted,

*Alfred McZeal, Jr.*

ALFRED MCZEAL, JR.
832-623-4418

Dated: *January 29, 2021*

*Cause of Action - Fraud*