UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
|---|---|---|---|
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [24] AND GRANTING DEFENDANTS' MOTION TO DISMISS [22]

### I. Introduction

Before the Court is a motion to dismiss filed by Defendants and a motion for preliminary injunction filed by Plaintiff. For the reasons stated below, the motion to dismiss is GRANTED and the motion for preliminary injunction is DENIED. Plaintiff's complaint is dismissed with prejudice.

### II. Background

Plaintiff Alfred McZeal Jr., d/b/a "Smart Walkie Talkie," brought this *pro se* suit, laying out thirteen claims in a voluminous 134-page complaint and seeking an injunction, declaratory relief, and $500 million in damages. Compl. ¶¶ 73-204, ECF No. 1.

Plaintiff alleges that he is the holder of a trademark for the "Smart Walkie Talkie" mark. *Id.* ¶ 21. Plaintiff claims that Defendant Orion Labs infringed on this trademark by labeling and marketing one of its products as a "smart walkie talkie." *Id.* ¶¶ 25-28. Plaintiff also names Orion's CEO, Jesse Robbins, as a defendant, as well as Amazon and Best Buy, who sold Orion's allegedly infringing product on its

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

ecommerce websites, and Setter Roche LP, a law firm who had represented Orion,[1] and one of its attorneys, Thomas Sylke. *Id.* ¶¶ 29-44.

Based on Orion's allegedly infringing product, Plaintiff brought thirteen claims: federal and state trademark infringement (Counts I and III), false designation (Count II), trademark dilution (Count IV), federal and state unfair competition (Counts V, VI, and VII), negligent misrepresentation (Count VIII), fraud (Count IX), conversion (Count X), gross negligence (Count XI), civil RICO claims (Count XII) and a declaratory judgment claim (Count XIII). *Id.* ¶¶ 73-196.

Plaintiff filed a motion for preliminary injunction, ECF No. 24, while Defendants filed a motion to dismiss. ECF No. 22.

**III.    Motion to Dismiss**

      **A.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

---

[1] Setter Roche does not represent Orion in the instant action.

| | | |
|---|---|---|
| | | : |
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679

 **B. Application**

  **1. Trademark Claims (Counts I-IV)**

 Under the federal Lanham Act, the key inquiry for a claim of trademark infringement or false designation is whether there is a "likelihood of confusion" between the mark and the allegedly infringing material. *New West Corp. v. NYM Co. of Cal., Inc.* 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation, the test is identical is there a 'likelihood of confusion?'"). In a trademark dilution claim, the key inquiry is whether the defendant's use is "likely to dilute" the plaintiff's "famous and distinctive" mark. *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1169 (9th Cir. 2011) (internal quotations and citations omitted).

 However, "fair use" provides an affirmative defense to defendants accused of federal trademark claims. 15 U.S.C. §§ 1115(b)(4), 1125(c)(3)(A). In the "classic" or "descriptive" fair use defense (as opposed to "nominative" fair use), a defendant must show (1) it is not using the term as a trademark or service mark; (2) it is using the term "fairly and in good faith;" and (3) it is using the term only to describe its goods or services. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150-51 (9th Cir. 2002) (citing 15 U.S.C. § 1115(b)); *see also* 15 U.S.C. § 1125(c)(3)(A) (enumerating a defense for a "descriptive fair use").

 Further, "[a]s a general matter, trademark claims under California law are 'substantially congruent' with federal claims and thus lend themselves to the same analysis." *Grupo Gigante SA de CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004). Indeed, California law enumerates a fair use defense that parallels the language of 15 U.S.C. § 1125(c)(3)(A). Cal. Bus. & Prof. Code § 14247(b)(1).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

Here, Plaintiff's own complaint and the attachments thereto[2] demonstrate that the Defendants' use of the term "smart walkie talkie" is a descriptive fair use and Plaintiff's claims accordingly fail as a matter of law.

In all of the examples that Plaintiff attaches to the complaint, the Defendants uses the term "smart walkie talkie" to describe the product being sold: Orion Labs' "Onyx." Each time the phrase "smart walkie talkie" is used, it is accompanied by either "Orion" or "Orion Labs" and "Onyx," clearly denoting that Onyx is the name of the product, Orion is the creator of that product, and "smart walkie talkie" is merely a descriptor to help consumers understand the product's capabilities. *See* Compl., Ex. 4, 6, 7. In no circumstance is the term being used in an attempt to evoke Plaintiff's trademark for his competing walkie talkie product or create consumer confusion.

Plaintiff's own trademark registration includes a disclaimer as to any exclusive right to use the general term "walkie talkie." *Id.*, Ex. 1. And many trademark registrations for other products contain similar disclaimers as to any exclusive right to use the term "smart." *See* Req. for Judicial Notice, Ex. 1-12.[3] Further, in multiple cases, affixing the term "smart" to a type of product has been held to be merely a descriptive use that reflects the presence of a microprocessor or automation capabilities in the product. *In re Cryomedical Sci. Inc.*, 32 U.S.P.Q.2d 1377 (T.T.A.B. 1994) (holding "SMARTPROBE" to be descriptive); *In re Tower Tech, Inc.*, 64 U.S.P.Q.2d 1314 (T.T.A.B. 2002) (holding "SMARTTOWER" to be descriptive).

Thus, it is clear that Defendants' use of the phrase "smart walkie talkie" merely indicates the product's computing capabilities. Further, the phrase is not used as a trademark to identify the source of its products because Orion uses its own identifying information – the terms "Orion" or "Orion Labs" and

---

[2] Plaintiff attaches several exhibits to the complaint which show his trademark registration and the alleged infringing use of his mark by Defendants. Documents attached to the complaint or incorporated by reference may be considered by a court in ruling a 12(b)(6) motion to dismiss. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

[3] Courts may judicially notice facts that are not subject to reasonable dispute that can "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes registrations with the United States Patent and Trademark Office ("USPTO"), as those are matters of public record. *See Cat Coven LLC v. Shein Fashion Grp., Inc.*, 2020 WL 3840440, at *2 n.1 (C.D. Cal. Mar. 12, 2020). Accordingly, the Court grants Defendants' Request for Judicial Notice ("RJN"), ECF No. 23, as to Exhibits 1-12, which contain USPTO registrations. However, the Court does not rely on the remaining documents in the RJN in reaching this ruling and denies the request as to those exhibits.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

"Onyx" – to do so. *See Bell v. Harley Davidson Motor Co.*, 539 F. Supp. 2d 1249, 1258 (S.D. Cal. 2008). Thus, the phrase is used as a descriptor only, not a trademark, and the first and third elements of a fair use defense are satisfied. *See Cairns*, 292. F.3d at 1150-51.

Moreover, Defendants used the "smart walkie talkie" phrase fairly and in good faith, satisfying the second element. *See id.* The good faith inquiry for fair use focuses on whether the alleged infringer "intended to trade on the good will of the trademark owner." *Bell*, 539 F. Supp. 2d at 1258 (internal quotations and citations omitted). Good faith is evident from the alleged infringer including its own identifying trade information in conjunction with the descriptive phrase and using the descriptive phrase prior to the plaintiff obtaining a trademark. *Id.* at 1259.

Here, as previously discussed, Defendants use of the "smart walkie talkie" phrase was always accompanied by trade information identifying the product as "Onyx" and the source as either "Orion" or "Orion Labs." And further, Plaintiff's own complaint demonstrates that Defendants used the phrase prior to the registration of his trademark. Plaintiff attached correspondence from Setter Roche LP to the complaint, which includes a link to a YouTube video where Orion used "smart walkie talkie" to describe the Onyx product. Compl., Ex. 3. The video is dated July 22, 2016, whereas Plaintiff did not file for his trademark until October 25, 2016. *Id.*, Ex. 1. Accordingly, it is clear from the complaint that Defendants used the phrase fairly and in good faith, not in an attempt to trade on the good will of Plaintiff's trademark or confuse consumers about the source of its product. *See Bell*, 539 F. Supp. 2d at 1259.

Thus, the Defendants' use of the phrase "smart walkie talkie" is a fair use that cannot support Plaintiff's federal or state trademark infringement claims, false designation claim, or trademark dilution claim as a matter of law.

### 2. Unfair Competition Claims (Counts V-VII)

Because Plaintiff's unfair competition claims are derivative of his trademark claims, they also fail as a matter of law because of Defendants' fair use defense.

Plaintiff styles Count V as a claim for unfair competition under both the federal Lanham Act and California trademark law. Compl. ¶¶ 145-48. Count VI is a claim for unfair competition under Cal. Bus.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

& Prof. Code § 17000 *et. seq.* Compl. ¶¶ 149-160. In Count VII, Plaintiff seems to assert a claim under "Marilyn Law" [sic] and "Section 13-301," which presumably refers to a section of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-301.[4] *Id.* ¶¶ 162-63. However, in that Count, Plaintiff also invokes the "California Business and Deceptive Trade Practices Act," presumably referring to California's Unfair Practices Act, which is codified at Cal. Bus. & Prof. Code § 17000 *et. seq. Id.*

First, "where a defendant's use of a phrase is 'fair use' for purposes of trademark infringement, defendant's conduct cannot be 'unfair' for purposes of a Lanham Act unfair competition claim." *Bell*, 539 F. Supp. 2d at 1262. Thus, because Defendant use of "smart walkie talkie" constituted fair use, Plaintiff's Lanham Act unfair competition claim fails as a matter of law.

Second, the Ninth Circuit has squarely held that when an unfair competition claim is brought under California common law or statutory law, such as Cal. Bus. & Prof. Code § 17000, if the claim is based on trademark infringement, it is "substantially congruent" to a Lanham Act claim. *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994). Thus, for the same reasons that Plaintiff's Lanham Act claims fail, his California unfair competition claims in Counts V and VI also fail. *See id.*

Finally, Count VII also fails as a matter of law. If Plaintiff intended to base this claim on California's Unfair Practices Act, it would be duplicative of Count VI and thus subject to dismissal for the reasons just discussed. If Plaintiff intended to base it on Maryland law, even assuming Maryland law applied here, the claim would fare no better. Maryland's Consumer Protection Act provides a cause of action only for consumers; "there is no competitor standing under the [Act]." *JFJ Toys, Inc. v. Sears Holding Corp.*, 237 F.Supp.3d 311, 342 (D. Md. 2017) (internal citations and quotations omitted). Plaintiff is not a consumer of Orion's Onyx, but rather offers a competing walkie talkie, and he thus cannot assert a claim under the Act. *See* Compl. ¶ 3; Ex. 1, 1A.

Accordingly, Plaintiffs unfair competition claims in Counts V through VII all fail and are subject to dismissal.

---

[4] Plaintiff gives no explanation for why Maryland law would apply here, nor is it apparent from the face of the complaint. *See* Compl. ¶¶ 161-62.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
|---|---|---|---|
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

### 3. Fraud and Negligent Misrepresentation (Counts VIII and IX)

Plaintiff fails to state a claim for fraud or negligent misrepresentation because there he cannot point to any misrepresentation on which he relied.

Under California law, the elements of a fraud claim are (1) misrepresentation, (2) knowledge of falsity, (3) intent induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Hackethal v. Nat'l Cas. Co.*, 234 Cal. Rptr. 853, 857 (Cal. Ct. App. 1987). Similarly, negligent misrepresentation requires (1) a misrepresentation, (2) lack of reasonable grounds for believing it to be true, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 89 Cal.Rptr.3d 473, 483 (Cal. Ct. App. 2009).

Plaintiff's claims for fraud and negligent misrepresentation, which are largely detailed in the attached Exhibit F, are predicated on two alleged misrepresentations. First, Plaintiff again highlights the use of the phrase "smart walkie talkie" in connection with the Orion Onyx. Compl., Ex. F at 5. Second, Plaintiff points to the responses offered by Thomas Sylke, an attorney at Setter Roche LP, to Plaintiff's cease and desist letter, in which Sylke laid out legal arguments as to why Orion had not infringed Plaintiff's trademark. *Id.*

The first alleged misrepresentation is not actionable because Plaintiff cannot allege justifiable reliance on it *by Plaintiff*. Even assuming that some members of *the public* relied on Defendant's use of the phrase, as Plaintiff suggests, and believed it denoted a connection to Plaintiff's competing walkie talkie product, Plaintiff never did; rather, he promptly sent cease and desist letters challenging Defendants' use of the phrase. *See id.*, Ex. 2; Ex. 5 at 6. And Plaintiff lacks standing to assert a claim on behalf of any consumer who may have been misled (if any such consumers exist). *See Kowalski v. Tesmer*, 543 U.S. 125, 133-34 (2004) (rejecting assertion of third-party standing).

The second alleged misrepresentation is not actionable either. In Defendant Sylke's response to Plaintiff's cease and desist letter, he outlines his professional legal opinions as to why there was no infringement of Plaintiff's trademark. *See* Compl., Ex. 3. "The law is quite clear that expressions of opinion are not generally treated as representations of fact, and thus are not grounds for a

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
|---|---|---|---|
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

misrepresentation cause of action." *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 103 Cal. Rptr. 2d. 159, 162 (Cal. Ct. App. 2000). Sylke's legal opinions did not amount to any "positive affirmation of fact," but rather merely outlined his view of the merits of Plaintiff's infringement claim and is thus not actionable as a misrepresentation. *See id.* at 161. Moreover, nothing in Sylke's letter was even misleading or inaccurate; he noted that Defendants' use of the term was likely fair use, which, as previously discussed, is correct as a matter of law.

Accordingly, Plaintiff's claims for fraud and negligent misrepresentation must be dismissed.

### 4. Conversion (Count X)

Plaintiff's conversion claim is based on the alleged infringement of his trademark, "converting" his intellectual property. Compl. ¶¶ 167-68. However, "a claim for conversion should not be extended to reach the intangible intellectual property rights in a trademark." *Meeker v. Meeker*, 2004 WL 2554452, at *6 (N.D. Cal. Nov. 10, 2004). Thus, Plaintiff's claim for conversion of his trademark is not actionable and must also be dismissed.

### 5. Gross Negligence Claim (Count XI)

Plaintiff's gross negligence claim is simply another recitation of his claim for trademark infringement. *See* Compl. ¶¶ 169-76. A gross negligence claim requires the standard elements of a negligence claim – duty, breach, causation, and damages – but the breach must be an "extreme departure" from the standard of care. *Chavez v. 24 Hour Fitness USA, Inc.*, 189 Cal. Rptr. 3d 449, 456 (Cal. Ct. App. 2015). Plaintiff alleges nothing to suggest any reason why Defendants would owe him a duty of care here. *See* Compl. ¶¶ 169-76. But even if they did, Defendants use of the phrase "smart walkie talkie" cannot constitute a breach of that duty because it is legally protected fair use. Accordingly, Plaintiff's gross negligence claim fails as a matter of law.

### 6. RICO Claim (Count XII)

Plaintiff also alleges a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961, 1962, again premised on the trademark infringement, which he argues

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
|---|---|---|---|
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

constituted RICO predicates of fraud, intellectual property theft, and conversion. Compl. ¶¶ 177-94. However, for the reasons previously discussed, there was no fraud, no intellectual property theft, and no conversion here as a matter of law. Thus, there are no predicate acts which can support a RICO claim.

Indeed, courts have recognized that ordinary trademark infringement claims cannot be contorted into a RICO violation. *Evercrete Corp. v. H-Cap, Ltd.*, 429 F. Supp. 2d 612, 631 (S.D.N.Y. 2006) ("Plaintiffs may not reformulate garden variety trademark infringement claims into mail or wire fraud in order to state a violation of RICO"); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 191 (S.D.N.Y. 2014) ("allegations of trademark infringement are not cognizable as a RICO predicate act"); *cf.* 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 3.04[B][3] n. 159.42 (2021) ("Only the most egregious instances of criminal copyright infringement have ever been upheld as predicate offenses to racketeering charges under RICO").

Accordingly, Plaintiffs RICO claims are also dismissed.

### 7. Declaratory Judgment Claim (Count XIII)

Plaintiff's final count seeks a declaratory judgment that is duplicative of most of his other claims, such as a declaration that Defendants have infringed his copyright and committed fraud. Thus, because all of Plaintiff's other claims fail as a matter of law, so does his claim for declaratory relief.

### C. Leave to Amend

Under Rule 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal. Fed. R. Civ. P. 15(a)(2). However, no leave to amend is required where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

Here, amendment would be futile because Plaintiff cannot possibly cure the defects in his claims through further factual allegations. Defendants' use of the phrase "smart walkie talkie" constituted legally protected fair use, and Plaintiff thus cannot, as a matter of law, state a claim for trademark violations (Counts I-IV) or for an unfair business practice predicated on a trademark violation (Counts

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07093-SVW-RAO | Date | 11/8/2021 |
|---|---|---|---|
| Title | *Alfred McZeal v. Amazon Services, LLC et al.* | | |

V-VII). Nor can Plaintiff transmogrify his allegation of a trademark violation into claims for fraud, negligent misrepresentation, conversion, gross negligence, or a RICO violation (Counts VIII-XII) – these are simply inapposite legal theories which cannot be saved by further factual allegations. And because amendment of Plaintiff's substantive claims would be futile, Plaintiff's declaratory judgment claim (Count XIII), predicated on those same substantive claims, cannot be cured by amendment.

Thus, amendment of Plaintiff's complaint would be futile because no further allegations would fix the fact that all of Plaintiff's claims fail as a matter of law. *See Ebner*, 838 F.3d at 968. Thus, there is no warrant to grant leave to amend here. *See id.*; *Foman*, 371 U.S. at 182.

### IV. Preliminary Injunction

Plaintiff also brought a motion for preliminary injunction. ECF No. 24. To obtain a preliminary injunction, a plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A likelihood of success on the merits is a threshold issue; if a plaintiff fails to show a likelihood of success, the Court need not consider the remaining *Winter* elements. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Here, Plaintiff cannot show a likelihood of success on the merits because, as previously discussed, all of Plaintiff's claims fail as a matter of law. Accordingly, Plaintiff cannot meet the elements required for preliminary injunction. *See Winter*, 555 U.S. at 20. Thus, Plaintiff's request for a preliminary injunction must be denied.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for preliminary injunction is denied and Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed in its entirety with prejudice and without leave to amend.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |